May Term,
1861.

McCarty
v.
The State.

The judgment is reversed, with costs. Cause remanded, &c.

*M. Jenkinson*, for the appellant.

---

McCARTY *v.* THE STATE.

The Court of Common Pleas has no jurisdiction to hear and determine any case of felony, unless the accused party is in custody, or, being on bail, has consented to the jurisdiction; and the information must show on its face, that such a state of facts exists.

Thursday,
June 6.

APPEAL from the *Vanderburgh* Common Pleas.

DAVISON, J.— This was a prosecution instituted in the Common Pleas, at the *February* term 1860, against *John McCarty*, for an assault, &c., with intent to murder. The information charges that the defendant, on *December* 19, 1859, at, &c., in and upon the body of one *Richard McGregor*, feloniously, &c., did make an assault; and with a certain knife which he, defendant, in his hand then had and held, the said *McGregor*, in and upon his back, then and there feloniously, &c. did strike, stab and cut, with intent in so doing, wilfully and of his deliberate and premeditated malice, him, the said *McGregor*, to kill and murder, contrary, &c. Motion to quash the information overruled. Plea, not guilty. Verdict for the State; upon which the Court, having refused motions for a new trial, and in arrest, rendered judgment.

The information is alleged to be defective, because it fails to show that the Common Pleas had jurisdiction of the felony with which the defendant was charged. It is enacted that the *Circuit Courts*, in their respective counties, shall have original exclusive jurisdiction of all felonies. 2 R. S., § 5, p. 6. But, in a subsequent enactment it is provided, that " The Court of Common Pleas, in the several counties, shall have original jurisdiction of felonies not punishable with death, concurrent with the Circuit Court, in the following cases: 1. When a person is in custody on a charge of felony, before indictment by the grand jury. 2. When the person charged is on bail, and before indictment voluntarily, in person, or in writing, submits to the jurisdiction of the Court. 3. When a cause is reversed in the Supreme Court, on account of defects in the indictment, and the defendant is in custody, and the proper Circuit Court is not in session. 4. When a defendant is remanded by the Supreme Court for further trial, for error other than defect in the indictment, and is in custody, and the proper Circuit Court is not in session at the time. 5. Such Court shall also have full power to try any criminal charge on change of venue from the Circuit Court, when the party is in custody, or voluntarily submits to the jurisdiction as aforesaid. Acts 1859, § 2, pp. 94, 95.

Thus it will be seen, that a Common Pleas Court has no right to hear and determine any case of felony, unless the accused party is in custody, or, being on bail, has consented to the jurisdiction. In this respect, the jurisdiction of the Common Pleas is evidently limited. And it has been often decided, that in the record of the proceedings of a Court of limited powers, it must affirmatively appear that it was entitled to jurisdiction of the cause of action. 1 Am. Lead. Cases, 736. This exposition being correct, and we think it is, the information must be held defective, because it fails to show a case in which, in accordance with the statute, the Common Pleas had concurrent jurisdiction with the Circuit Court. In other words, it should, on its face, appear that the defendant " was in custody, or, being on bail, had consented to the jurisdiction."

*May Term, 1861.*

McCARTY
v.
THE STATE.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Charles Denby*, for the appellant.

*James G. Jones*, Attorney General, and *E. B. Seymour*, for the State.