Alford *v.* The State.

*D. D. Dykeman* and *D. D. Pratt,* for the appellant.

---

---

## ALFORD *v.* THE STATE.

An information for felony in the Court of Common Pleas must aver the existence of the facts necessary to give that Court jurisdiction.

Alford *v.* The State.

APPEAL from the *Scott* Common Pleas.

HANNA, J.—The appellant was convicted of grand larceny in the Common Pleas Court. Neither the affidavit nor information averred the facts necessary to give that Court jurisdiction.

Among the Clerk's entries is the following: "It appearing to the Court that *Louis Alford* is imprisoned in the jail of this county upon the charge of grand larceny, and not under indictment, and that the prisoner voluntarily, in person, submits to the jurisdiction of this Court, therefore," &c.

The first question is, whether the information must aver facts which, if true, would give jurisdiction. We are of opinion it should. *McCarty* v. *The State*, 16 Ind. 311; *Justice* v. *The State*. Because such alleged facts might be contradicted on the trial; and further, because the jurisdiction of the Court is not general in criminal cases. The cause of action, the complaint, must aver such a state of facts as shows that the matter which the Court is asked to take cognizance of, in any particular instance, falls within the law conferring such partial jurisdiction. Under this conclusion, it is unnecessary to consider as to whether the facts set forth in the Clerk's entry were sufficient under the statute to give jurisdiction.

*Per Curiam.*—The judgment is reversed. Cause remanded. The Clerk is directed to give the proper certificate for the return of the prisoner.

*J. E. McDonald* and *A. L. Roache*, for the appellant.