## COBB *v.* THE STATE.

JURISDICTION.—RECORD.—The record of a court of limited jurisdiction must affirmatively disclose such a state of facts as warrants the exercise of jurisdiction.

INFORMATION.—FELONY.—JURISDICTION OF COMMON PLEAS.—When one charged with a felony, and under bail to appear in the Circuit Court to answer the charge, voluntarily submits to the jurisdiction of the Court of Common Pleas, the information must allege the fact of such submission, and that the felony charged in the information is the same felony on which the defendant submitted to the jurisdiction of the latter court.

SAME.—The case is begun by the filing of the information, and an entry of record, before the filing of the information, that the defendant submitted to the jurisdiction of the court, is no part of the record of the cause.

SAME.—The averment of a submission by the defendant to the jurisdiction of the court is traversed by a plea of not guilty, and the defendant is entitled to have the verdict of the jury upon that issue.

APPEAL from the *Steuben* Common Pleas.

FRAZER, J.—This was an information for larceny. There was a conviction, and the defendant appeals. Motions to quash, for a new trial, and in arrest, overruled and exceptions saved, present the question whether the court below

had, or was sufficiently shown to have had, jurisdiction of the cause. The same question is also raised by objections to instructions given to the jury.

The information charged a larceny of "one United States compound interest treasury note, of the value and denomination of fifty dollars; one national currency note, of the value and denomination of fifty dollars; two United States treasury notes, each of the value and denomination of twenty dollars; five United States treasury notes, each of the value and denomination of ten dollars, and one fractional currency note, of the value and denomination of ten dollars," the property of four persons named, who, with others, were alleged to be the joint owners of the property, doing business under the name of, and known as, "the United States Express Company." It was also averred in the information that the defendant was "on bail, charged with the same offense for which this information is filed," and that no indictment had been found against him therefor.

It is objected that the information fails to allege that the appellant had submitted to the jurisdiction of the Court of Common Pleas. Was this necessary?

This precise question was determined by this court in the affirmative, in *McCarty* v. *The State*, 16 Ind. 310, and in *Justice* v. *The State*, 17 *id.* 56, the principle was again approved, that "the Court of Common Pleas has jurisdiction in felonies only in certain specified cases, and that the information must show, on its face, such a state of facts as entitles the court to entertain such jurisdiction." Indeed, it is a doctrine of the law, too familiar to justify the citation of authorities in its support, that the record of a court of limited powers must affirmatively disclose such a state of case as warrants the exercise of jurisdiction. In the transcript before us is copied an order of court, entered on the third day of the term, showing that the appellant, on that day of the term, came into court, and being "under bonds for his appearance at the next term of the Circuit Court to answer to a charge of larceny, submits to the jurisdiction of this

court." Two days later, the information was filed. It is urged that this entry was sufficient to show the jurisdiction. But we cannot notice it now. It is no part of the record of the cause. The cause commenced, and the record of it properly begins, with the filing of the information. Until that was done, there was no case in court, and the previous entry forms no part of the record of the case. It may, or may not, have been sufficient evidence to support the proper averment in the information. We suppose that it is for the purpose of evidence, solely, that the statute provides for such an entry, and not to justify the omission in the information of what would otherwise be a necessary averment.

Again: It does not appear that the "charge of larceny," on which the appellant submitted to the jurisdiction, was the same larceny charged in the information. This has uniformly been held here to be a necessary averment in such a case. *Justice* v. *The State, supra; Walker* v. *The State,* 23 Ind. 61.

The case was tried by a jury. No evidence was offered to the jury to prove the jurisdictional facts; that evidence was offered only to the court, and by instructions given the jury were, in effect, told that it was not their province to pass upon any question of fact or law touching the matter of jurisdiction. We know of no precedent or authority for such a division of labor between the judge and jury, in a criminal case. If the facts showing jurisdiction must be alleged, they must be proved. The plea of not guilty put in issue every material allegation in the information. It was the plain constitutional right of the accused to have that issue tried by a jury, which is also constituted the judge of the law, as well as of the facts.

The judgment is reversed, and the cause remanded, with instructions to quash the information.

RAY, C. J., *dissenting.*—I am unable to concur in the opinion of the court, that in a case where a person is

charged with a felony, and is on bail, and it appears by the record of the Court of Common Pleas that in the identical case, the defendant so charged, before indictment, voluntarily, in person, appeared in court and submitted to the jurisdiction, it is still required that the information should aver these facts, to show the jurisdiction of the court, and that on the trial there should be introduced in evidence to the jury the record entry of such submission.   In my opinion, the statute giving the Court of Common Pleas jurisdiction upon a voluntary submission, in person, authorizes an entry of record of such submission, and thereupon the court acquires jurisdiction of the person and the offense.   The entry is a part of the record in the case, and the court is bound to take notice of its own record, and that record need not be pleaded or proved before the jury.   If the record be false, it must be corrected on motion, but it cannot be questioned upon the trial.   It seems clear to me, that after such submission to the jurisdiction, the court·has the power to require the district attorney to proceed with the case, in the discharge of his duty.   This could not be, unless the court had acquired jurisdiction of the case.

*A. Ellison*, for appellant.

*D. E. Williamson*, Attorney General, for the State.