## John Jones v. The State of Indiana.

1.   *Constitutionality of the Act of March* 29, 1879, *Relating to Trials by Informa-
tion.*—The said act is valid and constitutional.   *Reed* v. *State,* overruled.

2.   *Proof of Jurisdictional Facts.*—In the information the jurisdictional facts
must be stated ; and they must be proven on the trial.

Filed June 23, 1881.

Appeal from Knox Circuit Court.

Opinion of the court by Mr. Chief Justice Howk.

This was a prosecution, by affidavit and information, against
the appellant, John Jones, and one Young, whose Christian name
was alleged to be unknown, for the crime of grand larceny.   On
arraignment, the appellant and said Young pleaded to said affida-
vit and information, that they were not guilty as therein charged.
The trial of the cause by a jury resulted in a verdict finding the
appellant and said Young guilty, as charged in the information,
and affixing the punishment of each of them at imprisonment in
the State prison for the period of three years, and a fine of twenty-
five dollars each, and disfranchisement and incapacity for holding
any office of trust or profit for the term of three years.   The ap-

pellant's motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment against him in accordance with the verdict.

In this court, errors have been assigned by the appellant as follows:

1. The affidavit and information filed in said cause, and upon which said action is based, do not, with sufficient certainty, state facts sufficient to confer jurisdiction upon the Knox Circuit Court to try said cause.

2. Error committed by the Knox Circuit Court in overruling appellant's motion for a new trial.

3. The court below had no jurisdiction to try appellant upon the felony charged against him, except upon presentment by indictment, duly returned against him by the grand jury of the court below.

4. The act of March 29, 1879 (Acts of 1879, p. 143), upon which the court below took jurisdiction of this case, is unconstitutional, illegal and void; and,

5. The facts stated in the affidavit and information herein do not constitute a public offense.

The first question presented and discussed by the appellant's counsel in his able and exhaustive brief of this cause, is the alleged unconstitutionality of the act of March 29, 1879, "in relation to prosecutions of felonies by affidavit and information in certain cases." This question has already been carefully considered by this court, and a conclusion has been reached that the act in question is not in conflict with any of the provisions of the constitution of this State, and must, therefore, be regarded as a constitutional and valid law. *Heavley* v. *The State,* decided this term; *Sturm* v. *The State,* decided at this term. We are content with this conclusion, and the question may be regarded as settled by this court in favor of the constitutionality and validity of the act under consideration. Whatever may have been said in *Reed* v. *The State,* 12 Ind. 641, in conflict with this conclusion, is expressly overruled.

The affidavit and information against the appellant and his codefendant, Young, charged the jurisdictional facts in this case as follows: "That the said John Jones and the said Young, whose Christian name is unknown, are now in custody in the county jail

of said county on the charge of said felony as aforesaid, and that there is no grand jury now in session in said Knox county." It is very clear, we think, that the jurisdictional facts thus charged were put in issue by the appellant's plea of not guilty, and that, on the trial, it devolved upon the State to establish these alleged facts by competent and sufficient evidence. Thus, in *Cobb* v. *The State*, 27 Ind. 133, which was a prosecution by information for larceny, this court said: " If the facts showing jurisdiction must be alleged, they must be proved. The plea of not guilty put in issue every material allegation in the information. It was the plain constitutional right of the accused to have that issue tried by a jury, which is also constituted the judge of the law, as well as of the facts."

It is very earnestly insisted by the appellant's counsel, in the case at bar, "that the evidence entirely fails to prove those jurisdictional facts," which were necessary to give the trial court jurisdiction of the case. The evidence adduced, for the purpose of establishing the jurisdictional facts charged, was, in substance, as follows:

Henry Freund testified: "I am deputy clerk of this court. No grand jury is in session at this time, nor has there been any at the present term, nor since the affidavit, transcript and other papers in this case were filed in this court." Thereupon the witness identified the affidavit filed against said defendants, and transcript from the docket of Mayor Searight filed against defendants in this court.

James E. Kackley testified: " I am the sheriff of Knox county. The defendants were in my custody, in the jail of Knox county, on the 8th day of March, 1881. They were placed in my custody in jail, on a commitment from Mayor Searight (which is thereupon shown him and identified as the one under which they were committed). Jones has not been in jail since the 9th day of March, 1881, at which time he was bailed out."

The only other evidence, introduced on the trial, which tended to prove that the appellant and his co-defendant, Young, were or had been in custody, on a charge of the particular felony mentioned in the affidavit and information, was the affidavit and transcript from the docket of Mayor Searight, identified by the deputy-clerk, and the commitment of the defendants, identified by the sheriff. There is much uncertainty and room for doubt, as it seems to us,

not only in regard to this evidence, but also in regard to the evidence adduced upon the merits. A very careful examination of the evidence, however, has led us to the conclusion that the case is one in which this cannot and ought not to disturb the verdict of the jury on any of the questions of fact involved therein. The jury had facilities for determining the credibility of witnesses and the truth of evidence, conflicting as it is, which we, as an appellate court, cannot possibly have; and their verdict having been sanctioned and approved by the learned judge, who presided at the trial and saw and heard the witnesses testify, this court ought not to disturb such verdict merely on the evidence.

We find no error in the record which would authorize a reversal of the judgment below.

The judgment is affirmed with costs.

Jason B. Brown, for appellant.

Attorney General, John S. Long and W. W. Thornton, for appellee.