The State *v.* Cole.

No. 11,162.

THE STATE *v.* COLE.

CRIMINAL LAW.—*Malicious Trespass.—Statute Construed.*—The mere maliciously carrying away and conversion of the goods of another, without injury to the property itself by which its value is diminished, is not malicious trespass, as defined by section 1955, R. S. 1881.

From the Switzerland Circuit Court.

*F. T. Hord,* Attorney General, *E. G. Hay,* Prosecuting Attorney, and *T. Livings,* for the State.

NIBLACK, C. J.—In this case the only question presented is the sufficiency of an affidavit, and an information based upon it, assuming to charge the offence of malicious trespass, under section 1955 of the revised code of 1881.

Omitting the formal conclusion, the signature and the jurat, the affidavit was as follows:

"THE STATE OF INDIANA, SWITZERLAND COUNTY, SS:

"William P. Riley swears that James R. Cole, late of the county and State aforesaid, on or about the 8th day of December, A. D. 1882, did then and there, at and in said county, unlawfully and maliciously injure 21 bushels of wheat, of the value of $21; 18 bushels of rye, of the value of $6; and 15 bushels of oats, of the value of $6; in all of the value of $33; the property of the affiant William P. Riley there and being, by then and there unlawfully and maliciously taking said property out of the bin where affiant kept it, and by then and there taking said property a distance of 14 miles in said county and selling the same without right to James K. Pleasants for the sum of $33, and delivering the said property to said Pleasants unlawfully and maliciously, to the damage of the said affiant in the sum of $33."

The court quashed both the affidavit and the information, upon the ground that the acts charged did not constitute a malicious trespass, within the meaning of the statute defining

that offence, which reads as follows: " Whoever maliciously or mischievously injures or causes to be injured any property of another or any public property is guilty of a malicious trespass, and, upon conviction thereof, shall be fined not more than two-fold the value of the damage done, to which may be added imprisonment in the county jail for not more than twelve months."

The injuries against which this statute is directed are not such as are inflicted with the intention of gaining by another's loss; they are those which arise out of a spirit of wanton cruelty, malicious or mischievous destructiveness or revenge, and are of a class which have a near relation to the crime of arson. They are also such as result in a partial or total destruction of property, or in a specific injury to property, rendering it less valuable for the purpose for which it is designed or used. 1 Bishop Crim. Law, section 568; 2 Whart. Crim. Law, section 2001; Moore Crim. Law, section 990; Bishop Stat. Crimes, section 430, et seq.

The affidavit before us charged the mere carrying away and conversion of the property said to have been injured, presumably for the benefit of the defendant, and not necessarily out of malice towards the owner. It charged no specific injury to the property itself by which its value was diminished, and which could have been taken into consideration in fixing the amount of the fine. It was, in our estimation, materially defective.

There was, therefore, no error in quashing the affidavit, or the information which followed it in the description of the alleged offence. Brown v. State, 76 Ind. 85.

The judgment is affirmed.