No. 13,229.

THE STATE *v.* McKEE.

CRIMINAL LAW.—*Appeal from Justice.*—*Presumption of Regularity.*—In the absence of a showing to the contrary, it will be presumed that an appeal from a justice of the peace to the circuit court was regularly taken.

SAME.—*Malicious Trespass.*—*Affidavit.*—It must be charged in an affidavit for malicious trespass, that the property was injured, the amount of the

damage resulting from the injury, and that the person alleged to have been damaged is the owner of the property.

SAME.—*Insufficient Affidavit.*—An affidavit, charging that the defendant " did unlawfully and maliciously throw down the fence and pass over the enclosed lands " of the affiant, to his " damage in the sum of five dollars," is not sufficient.

SAME.—*Motion for Leave to File New Affidavit.—Bill of Exceptions.*—A motion by the prosecuting attorney for leave to file a new affidavit in lieu of another, and the ruling of the court refusing leave, must be made part of the record by bill of exceptions.

From the Knox Circuit Court.

*W. A. Cullop,* Prosecuting Attorney, *G. W. Shaw* and *C. B. Kessinger,* for the State.

*G. G. Reily* and *W. C. Niblack,* for appellee.

ZOLLARS, J.—Appellee was convicted and fined by a justice of the peace, on a charge of malicious trespass. A transcript, purporting to be, and which is treated by counsel as being a transcript of the proceedings in the cause before the justice, was filed by that officer in the office of the clerk of the circuit court, within the time allowed by law for appeals in such cases.

In the circuit court, the State, by its prosecuting attorney, moved to dismiss the appeal. As we learn from the brief in behalf of appellant, that motion was based upon the ground alone, that the transcript of the proceedings in the justice's court does not affirmatively show that appellee prayed an appeal, and filed a recognizance as required by law.

There was no showing in support of the motion, that an appeal had not been, in fact, properly taken, the proper bond filed, and that bond sent up with the transcript and filed in the office of the clerk of the circuit court. If an appeal was in fact taken, the failure of the justice to note that fact in his docket is not a sufficient cause for dismissing the appeal. In the absence of anything to the contrary, we must presume in favor of the jurisdiction of the circuit court, by presuming that the case came into that court by a regular

appeal. *Unruh* v. *State, ex rel.,* 105 Ind. 117, and the cases there cited. Upon the record before us, this court can not determine that the court below erred in overruling the motion to dismiss the appeal.

On motion of appellee, the circuit court quashed the affidavit. That ruling is assigned as error. Does the affidavit sufficiently charge a malicious trespass, as that offence is defined by the statute?

Section 1955, R. S. 1881, provides that, "Whoever maliciously or mischievously injures or causes to be injured any property of another or any public property is guilty of malicious trespass, and, upon conviction thereof, shall be fined not more than two-fold the value of the damage done, to which may be added imprisonment in the county jail," etc.

It will be observed, that the fine provided for a violation of the statute, is measured by the amount of the "damage done." It may not be more than double that amount. In order that the court may determine the amount of fine to be imposed, the amount of damage done must be alleged and proved. The damages too must result from an injury to the property, and hence it must be made to appear by the affidavit, information, or indictment, that the property was injured. If no injury is shown, no crime, as defined by the statute, is shown. And if injury to the property be shown, but no amount of damage resulting from that injury, the affidavit, information, or indictment is insufficient, because the court can not measure the fine to be imposed, and hence can not pronounce the judgment provided by the statute. These things must be shown by the affidavit, information, or indictment, that the defendant may be apprised of what he is to meet. *Brown* v. *State,* 76 Ind. 85; *State* v. *Cole,* 90 Ind. 112; *Sample* v. *State,* 104 Ind. 289.

So much of the affidavit as is material here is as follows: "Julia A. Ridgeway being duly sworn says, that on the 3d day of March, in the year 1886, at the county of Knox, and State of Indiana, George McKee, late of said county, did

then and there unlawfully and maliciously throw down the fence, and pass over the enclosed lands of this affiant, situated in said county and State, to this affiant's damage in the sum of five dollars, contrary," etc.

This affidavit, we think, is too vague and indefinite. It is charged therein, that by the malicious acts of appellee, the prosecuting witness was damaged, but it can not be determined whether that damage resulted from the throwing down of the fence, or the passing over the land. It is not shown that the land was injured. The simple passing over the land of another, however malicious the motive may be, is not malicious trespass.

As we have seen, to constitute malicious trespass, there must be an injury to the property. Passing over the lands of another is not a crime at all, except under the circumstances specified in section 1941, R. S. 1881.

It is not made to appear by the affidavit, that the fence, charged to have been thrown down, was upon the land of the prosecuting witness, nor that she had any ownership or interest therein. The only injury charged in the affidavit is damage to the prosecuting witness. Unless the fence is shown to have belonged to her, it is difficult to see how she could be damaged by its being thrown down.

Wherever, in a case of this character, it may be sufficient to allege damage to the owner, instead of injury to the property, it must appear that the property was injured, and that the damages to the owner resulted directly from such injury. And in order that that may be so, it must also appear that the person alleged to have been damaged was the owner of the property injured.

It is not sufficiently shown here that the fence was of value because it enclosed land, nor that it was otherwise of value. For aught that appears, it may have been so without value, that the throwing of it down was neither an injury to it nor damage to the owner.

Our conclusion is, that the court below did not err in sustaining the motion to quash the affidavit.

There is copied into the transcript a statement, that after appellee had moved to quash the affidavit, the State, by its prosecuting attorney, moved the court for leave to file an affidavit in lieu of the affidavit above set out, and upon which appellee was convicted ; that the court declined to grant such leave, and that the State, by its attorney, excepted. That portion of the record is evidently a transcript of an entry made by the clerk. The entry thus made did not bring into the record, either the motion by the State's attorney, if such a motion was in fact made, or the ruling of the court thereon. The only way in which they could be brought into, and made a part of the record, was by a bill of exceptions. They were not so brought into the record. There is no bill of exceptions in the record.

We can, therefore, decide nothing as to the right of the State to file a new affidavit as proposed.

Judgment affirmed.

