No. 14,309.

## MORRIS v. THE STATE, EX REL. ANDRESS.

BASTARDY.—*Jurisdiction of Justice of the Peace.*—*Residence of Defendant.*— *Where Proceedings May be Commenced.*—It is not necessary that bastardy proceedings shall be commenced in the township in which the defendant resides. Such proceedings are commenced by *capias*, and the jurisdiction of justices of the peace is not limited to their townships, but is co-extensive with the county in which they reside, and within that territory the warrant may be served. Section 1441, R. S. 1881.

SAME.—*Appeal by State.*—*Presumption.*—The State may appeal from the judgment of a justice of the peace in bastardy proceedings; and where the defendant was·discharged by the justice, it will be presumed, on appeal to the Supreme Court, where the record is silent, that th. State regularly appealed to the circuit court.

SAME.—*Order for Maintenance of Child.*—*Interest on Deferred Payments.*—It is within the discretion of the circuit court, in bastardy proceedings, to render its judgment so that deferred payments shall draw interest. Section 992, R. S. 1881.

From the Switzerland Circuit Court.

*J. B. Coles* and *F. M. Griffith*, for appellant.

MITCHELL, C. J.—The relatrix made written complaint, under oath, before a justice of the peace of Switzerland county, in which she charged Charles Morris with the paternity of a bastard child of which she had been theretofore delivered.

The defendant was arrested upon a warrant duly issued by the justice. After obtaining two continuances, covering the period intervening between May 26th and June 11th, the defendant pleaded, in abatement of the jurisdiction of the justice, that he was a resident of Switzerland county, but of a different township therein than that in which the justice before whom he had been brought for examination resided.

The State replied, in effect, that the defendant had waived the right to question the jurisdiction of the justice by applying for and obtaining the several continuances above mentioned.

The plea in abatement and the reply thereto were refiled

in the circuit court, and, upon an admission by the parties, respectively, that the facts stated in the several pleadings were true, the court found against the appellant on the issue thus made. This is complained of as error.

In *Hawley* v. *State, ex rel.*, 69 Ind. 98, it was held, in consonance with the settled rule, that proceedings in bastardy, except as otherwise specially provided, are governed by the code of civil procedure, and that such proceedings must be commenced in the county in which the defendant resides, when he resides in the State.

The appellant assumes that it follows from the ruling in the case above cited that bastardy proceedings must, under like circumstances, be commenced in the township in which the defendant resides. Upon this assumption, it is contended that the court below erred in holding that the defendant had waived his right to question the jurisdiction of the justice by applying for and obtaining the several continuances.

The initial error in the appellant's position is the assumption that a bastardy proceeding can be commenced only in the township in which the defendant resides.

Section 1441, R. S. 1881, prohibits the bringing of a suit before a justice of the peace against any person who is a resident of any township in the State, except in the township in which the defendant resides, unless the suit is commenced by a *capias ad respondendum*.

A proceeding in bastardy, although to all intents and purposes a civil action, is nevertheless commenced by making a written complaint under oath, and by the issuance of a warrant commanding the arrest of the defendant, and that he be brought before the justice to answer. According to the common law, a *capias ad respondendum* was a writ issued in a civil action by means of which the body of the defendant was taken into custody by the sheriff or other officer, and brought before the court on a day certain, for the purpose of compelling the defendant to answer the demand of his adversary. 1 Tidd Pr. 128 ; Am. & Eng. Encyclo. of Law.

Any civil suit or proceeding in which the original process provided by statute is a writ or warrant, commanding the arrest of the defendant, and that he be brought before the court to answer a demand made against him, is a suit commenced by a *capias ad respondendum.* Such process, issued by a justice of the peace, runs anywhere within the county. It can only be served by taking the defendant into custody and bringing him before the court, and this may be done wherever the defendant may be found within the county in which he resides. Proceedings in bastardy are, therefore, commenced by *capias,* and, in cases thus commenced, the jurisdiction of justices is not limited to their townships, but is co-extensive with the county in which they reside. It follows, regardless of whether or not the appellant had waived his right to plead to the jurisdiction of the justice, that the finding and judgment of the court on the issue made on the plea in abatement was right.

The examination before the justice resulted in the discharge of the defendant. Subsequently, upon a trial had in the circuit court, he was found to be the father of the relatrix's child, as charged in the complaint, and the court adjudged that he should pay four hundred dollars to the relatrix for the maintenance and education of her child, and that he should stand committed until the judgment, which was payable in four instalments of one hundred dollars each, was paid or replevied.

The record fails to show affirmatively that an appeal had been taken to the circuit court from the judgment of the justice of the peace, nor does it appear from the record how or by whom the case was brought into the circuit court.

It is insisted that, because the record is in the condition above mentioned, the circuit court acquired no jurisdiction of the subject-matter. There is no merit in this point.

It has been repeatedly ruled that the general statute authorizing appeals to the circuit court, from the judgment of any justice, is applicable to bastardy proceedings, and that the

State may appeal in such a case. *Galvin* v. *State, ex rel.,* 56 Ind. 51 ; *Reed* v. *State, ex rel.,* 66 Ind. 70 ; 2 Works Pr., section 1366.

Since an appeal might have been taken by the State, we must presume, until the contrary appears, that one was taken, and that the circuit court thus acquired jurisdiction by an appeal regularly taken. *Unruh* v. *State, ex rel.,* 105 Ind. 117, and cases cited.

It was ordered that the deferred payments should draw interest at the rate of six per cent. per annum. The appellant moved the court to modify its judgment in that regard, and it is contended, lastly, that error was committed in overruling this motion.

It was within the discretion of the court, in making such order as to it seemed just for the maintenance and education of the child, to render its judgment so that the deferred payments should draw interest. Section 992, R. S. 1881.

The judgment is affirmed, with costs.

Filed April 12, 1888.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—The process which issues in a prosecution for bastardy is essentially different from an ordinary summons in a civil action. It is a warrant requiring the officer to bring the body of the defendant into court. A writ, in the nature of a warrant, is not limited to the township, but extends to the entire county.

The circuit court is a court of general jurisdiction, and having entertained jurisdiction of the appeal from the justice of the peace, we must presume, the contrary not appearing, that the circuit court had jurisdiction of the appeal in this instance. *Bass Foundry and Machine Works* v. *Board, etc., ante,* p. 234.

Petition overruled.

Filed June 19, 1888.