No. 560.

## HANNEL v. THE STATE.

CRIMINAL LAW.—*Malicious Trespass, Indictment.*—In a prosecution for malicious trespass, it is only necessary to describe the nature and character of the injury with reasonable certainty.

SAME.—*Larceny.*—*Malicious Trespass.*—A person guilty of larceny of a certain article can not be convicted of a malicious trespass on the same article by proof of the acts constituting the theft.

From the Harrison Circuit Court.

*M. N. Funk,* for appellant.

*C. W. Cook,* Prosecuting Attorney, for the State.

CRUMPACKER, J.—This appeal is from a judgment of the circuit court convicting the appellant of malicious trespass upon an indictment charging that he did, in Harrison county, Indiana, on the 5th day of April, 1890, " then and there unlawfully, maliciously and mischievously injure and cause to be injured, a certain saddle, the property of one Benjamin Hannel, by then and there unlawfully, maliciously and mischievously cutting and destroying said saddle, to the damage of said Benjamin Hannel in the sum of seven dollars. Contrary to the form of the statute," etc.

A motion to quash the indictment was overruled, and this ruling is assigned and argued as the first ground for reversal.

It is insisted by counsel for appellant that the indictment is fatally defective because it does not describe with sufficient certainty the nature and character of the injury alleged to have been done to the property. It is only necessary in malicious trespass prosecutions to describe the nature and character of the injury with reasonable certainty, and the indictment under consideration fulfills every requirement of the law. It is alleged that the saddle was injured by being cut and destroyed, and there is no conceivable purpose which a more specific description would subserve. There was no error in overruling the motion.

Under the next assignment of error it is contended that the verdict is not supported by the evidence.

It was shown by the evidence that Benjamin Hannel went on horse-back to a meeting at a school-house on the evening of April 5th, 1890. He hitched his horse to a tree about thirty yards from the school-house, and during the meeting some one took the saddle and bridle from the horse and turned it loose. On the morning of the 7th of April following he found the pad of the saddle behind a log near the school-house. It had been torn from the saddle, and was worthless in its condition when found. He never discovered the balance of the saddle. The saddle belonged to Benjamin Hannel, and was worth four dollars before it was injured. It was shown, also, that appellant was at the school-house at the time the meeting began, which was at 7:30 o'clock in the evening. He did not go into the school-house, but remained on the outside.

One Swartz, a competent witness on behalf of the State, testified that he went by the school-house about 9 o'clock on the evening in question, and saw the appellant standing by a tree near the horse ; that the appellant asked the witness to help him " cut Ben Hannel's saddle up," and have " a little fun." Witness declined, and expostulated with appellant, but the latter went to the horse and cut the saddle-girth and the halter and bridle, and turned the horse loose. He started towards his home with the saddle, saying that he was going to cut it into shoe-leather. The witness saw him on the next day, and told him he should return the saddle, but he said he had cut it into shoe-leather, and could not.

It is argued on behalf of appellant that the evidence proves the unlawful taking and conversion of the property if anything, which would constitute larceny, and not malicious trespass.

If one takes the property of another, and converts it to his own use, and the taking is for that purpose, he can not be convicted of malicious trespass ordinarily, because there

would be an absence of that malicious injury which is a necessary ingredient in such offence. *State* v. *Cole,* 90 Ind. 112.

But here there was a wanton and needless destruction of the property, which clearly betokens a mischievous or malevolent purpose. Appellant's assertion that he intended to use the saddle for " shoe-leather," will not relieve him from the imputation of malice, which his conduct so strongly invited. One can not destroy property for the purpose for which it was designed, without excuse or justification, and relieve himself of criminal responsibility upon the plea that he intended to use it for another purpose—one for which it had no sort of adaptability. Otherwise one might wantonly destroy the most expensive article of furniture, and refute the imputation of malice by proof that he desired to use it for kindling-wood.

The evidence tended to prove that appellant was actuated by a recklessly mischievous spirit, at least, in the destruction of the saddle. One who can find any satisfaction in the wanton and needless destruction of the property of another is certainly a worthy subject for the law's stern power of discipline.

The evidence amply sustains the verdict.

Judgment affirmed.

Filed April 15, 1892.