State *v.* Hazzard—168 Ind. 163.

## THE STATE *v.* HAZZARD.

[No. 20,934. Filed February 19, 1907.]

1. CRIMINAL LAW.—*Repeal.*—*Saving Clauses.*—The act of 1905 (Acts 1905, p. 584), codifying the criminal laws, did not repeal the prior criminal statutes, so far as offenses are concerned committed prior to the taking effect of said act. p. 165.

2. INDICTMENT AND INFORMATION.—*Forgery.*—*Writing.*—An indictment charging that defendant forged the following writing: "History of Henry County, Indiana. Military Edition. Fully Illustrated. By George Hazzard. Two volumes, $10.

| Subscribers | Post-office address |
|---|---|
| Nelson Allen | Mooreland, Indiana." |

is sufficient under §2354 Burns 1901, §2206 R. S. 1881. p. 165.

3. WORDS AND PHRASES. — *"Subscriber."* — *Forgery.*—The term "subscriber" denotes one who subscribes; one who enters his name for an article. p. 166.

4. WORDS AND PHRASES. — "*Subscribe.*" — The term "subscribe" denotes the signing of one's name to a writing with the intention of giving consent to the contents thereof.   p. 167.

5. CONTRACTS. — *Subscription.*—*Sufficiency.*—A subscription paper signed by the subscriber in the following form:
   "History of Henry County, Indiana.   Military Edition.   **Fully** Illustrated.   By George Hazzard.   Two volumes.   $10.

| Subscribers | Post-office address |
|---|---|
| Nelson Allen | Mooreland, Indiana." |

constitutes on its face a complete contract.   pp. 167, 168.

6. FORGERY. — *Writing.* — *Legal Validity of.*—The unauthorized signing of another's name to a writing which discloses upon its face that it has some apparent legal effect, though it does not appear to be perfect, constitutes forgery.   p. 167.

7. SAME. — *Writing.* — *Void.* — Where a written instrument appears upon its face to be void as a matter of law, a charge of forgery thereof cannot be maintained.   p. 167.

8. SAME.—*Writing.*—*Legal Effect of.*—Forgery may be predicated upon any writing, which, if genuine, would operate as the foundation of a person's liability or the evidence of his right.   p. 168.

9. INDICTMENT AND INFORMATION .— *Forgery.* — *Writing.* — *Apparently Void.*—*Extrinsic Facts.*—An indictment for the forgery of an apparently void instrument must show such extrinsic facts as will show such writing to have a legal effect.   p. 168.

From Henry Circuit Court; *John M. Morris,* Judge.

Prosecution by the State of Indiana against George Hazzard.   From a judgment quashing the affidavit, the State appeals.   *Reversed.*

*Charles W. Miller,* Attorney-General, *W. C. Geake, C. C. Hadley, H. M. Dowling* and *George M. Barnard,* Prosecuting-Attorney, for the State.

*Forkner & Forkner,* for appellee.

JORDAN, J.—An affidavit was filed in the lower court on August 20, 1906, charging appellee with having committed the crime of forgery.   The affidavit, among other things, charges that George Hazzard, in the county of Henry, and State of Indiana, on the — day of January, 1905, unlawfully, feloniously, falsely and fraudulently did make, forge and counterfeit a certain order, subscription and writing, purporting to have been made and executed by Nelson Al-

len to said George Hazzard for the subscription order, sale and delivery by said George Hazzard of certain goods, chattels and property to said Nelson Allen. The "false, forged and counterfeit order, subscription and writing" in question is incorporated in the affidavit, and is as follows:

"History of Henry County, Indiana. Military Edition. Fully Illustrated. By George Hazzard. Two volumes. $10.

| Subscribers | Post-office address |
| --- | --- |
| Nelson Allen | Mooreland, Indiana." |

On motion of appellee, the affidavit was quashed, and judgment was rendered that he be discharged and go hence without day. The State appeals, and predicates error on the ruling of the court in quashing the affidavit.

The offense, as charged, was committed prior to the passage of the public offense statute of 1905, wherein, under the provisions of §676 of that act (Acts 1905, pp. 584, 750, §2283 Burns 1905), the crime of forgery is defined, and the punishment therefor provided. By §699 of said act (§2360 Burns 1905) it is declared that "all laws within the purview of this act are hereby repealed; but this repeal shall not affect any prosecutions pending or offenses heretofore committed under existing laws and such prosecutions and offenses shall be continued and prosecuted to a final determination as if this act had not passed." Consequently this prosecution must be regarded as based upon §2354 Burns 1901, §2206 R. S. 1881, in force at the time the offense in question is alleged to have been committed. *Miller* v. *State* (1905), 165 Ind. 566.

This section, among other things, provides as follows: "Whoever falsely makes or assists to make, defaces, destroys, alters, forges, counterfeits, prints, or photographs, or causes to be falsely made, defaced, destroyed, altered, forged, counterfeited, printed, or photographed, any record or authentic matter of a public

nature, deed, will, codicil, lease, bond, covenant, *writing obligatory*, bank bill, or note, check, bill of exchange, or any acceptance or indorsement of any bill of exchange, promissory note for the payment of money or other property; or any post-note, acquittance, or receipt either for money or property; or any acquittance, release, or discharge of any debt, account, action, suit, demand, or other thing, real or personal; or any order, warrant, or request for the payment of money, * * * *or any other instrument of writing,* with intent to defraud any person, body politic or corporate, * * * shall be imprisoned," etc. (Our italics.)

Appellee has wholly neglected to file a brief or present any argument whatever in support of the decision of the lower court, apparently assuming that this appeal is of no concern to him. The only information which we have in respect to the ground upon which the court held the affidavit insufficient is that furnished by the brief for the State, wherein it is stated that the lower court held that the subscription paper set out in the affidavit did not constitute such a writing obligatory as to make the forging thereof a criminal offense under the statute. We, however, consider the paper or writing in question as one coming within the provisions of the statute defining forgery. It purports on its face to be a subscription paper for a history of Henry county, Indiana, by George Hazzard, military edition, fully illustrated, in two volumes, price $10. Underneath the word "subscribers" appears the name of Nelson Allen, whose post-office address is given as Mooreland, Indiana.

The term "subscriber" has a well-understood meaning. Webster's International Dictionary defines it as follows:

"One who subscribes; one who contributes to an undertaking by subscribing. One who enters his name for a paper, book, map, or the like." The same authority defines the word "subscribe" as follows:

"To sign one's name to a letter or other document.

4. To give consent to something written, by signing one's name; hence, to assent; to agree. To set one's name to a paper in token of promise to give a certain sum. To enter one's name for a newspaper, a book, etc." See, also, definition of the term "subscribe" in Anderson's Law Dictionary.

The paper upon its face must be regarded as a written subscription for the work or history therein mentioned.

5. No particular formality is requisite. Any form of statement by which an intent to effect an agreement or contract of subscription appears will be sufficient. *Dupee* v. *Chicago Horse Shoe Co.* (1902), 117 Fed. 40, 54 C. C. A. 426.

The name of Nelson Allen, written beneath the word "subscribers," if genuine, would clearly import a promise or agreement by him to take a copy of the book or work, and pay therefor the fixed price of $10. Had an action thereon been instituted on this writing against Nelson Allen, the latter could not have relied on a mere inspection of the face of the paper to establish its invalidity or want of binding force or effect, but would have been compelled to bring forward under his answer extrinsic facts to show its invalidity. While it is true that a forged instrument

6. must disclose upon its face that it is of some legal effect, nevertheless it will be sufficient if the legal validity thereof be apparent only, and not real. Neither is it essential that it should appear to be a perfect instrument. The rule is well settled that if upon

7. inspection of the document or paper alleged to have been forged it appears as a matter of law to be void upon its face, then, under the circumstances, the accused will be relieved of the charge of forgery, for such an instrument or paper, in the eye of the law, has no tendency to defraud, and consequently cannot be the subject of forgery. In support of the legal propositions which we herein assert

see *Rudicel* v. *State* (1887), 111 Ind. 595; *Garmire* v. *State* (1886), 104 Ind. 444; *People* v. *Munroe* (1893), 100 Cal. 664, 35 Pac. 326, 24 L. R. A. 33; *Gordon* v. *Commonwealth* (1902), 100 Va. 825, 41 S. E. 746, 57 L. R. A. 744; *King* v. *State* (1900), 42 Tex. Cr. 108; 2 Bishop, Crim. Law (8th ed.), §§533, 541, 544; 13 Am. and Eng. Ency. Law (2d ed.), 1088.

It has been affirmed and reaffirmed by the authorities that the crime of forgery may, at common law, be predicated upon any writing which, if genuine, might operate as the foundation of a person's liability or the evidence of his right. *Shannon* v. *State* (1887), 109 Ind. 407, and authorities cited.

When tested by the principles announced by the authorities hereinbefore cited, it is manifest, we think, that the instrument of writing in question is one upon which forgery may be predicated. It does not appear upon its face to be invalid, but, on the contrary, is impressed with legal efficacy, for it purports or professes to create a binding pecuniary liability or obligation against Allen, whose signature thereto is charged to have been forged. *Garmire* v. *State, supra.*

It must, under the circumstances, be regarded as coming within the enumeration and meaning of the statute as a "writing obligatory" or "instrument of writing." It has words or language and character sufficiently indicative of an agreement or obligation to make it an instrument or paper, the false execution of which might prejudice the rights of others. It is only where the instrument of writing, which is the subject of the alleged forgery, is, upon its face, of no apparent legal effect that it is rendered necessary for the indictment or affidavit to allege extrinsic facts which are sufficient to disclose the fraudulent tendency of such instrument of writing. *Stewart* v. *State* (1888), 113 Ind. 505.

But the instrument here involved, for the reason heretofore shown, does not fall within this class. We conclude that the forging, as alleged, by the accused of the paper or instrument of writing herein involved constituted a violation of the statute, and therefore the court erred in sustaining the motion to quash the affidavit, for which error the judgment is reversed, and the cause remanded, with instructions to the lower court to overrule said motion and for further proceedings.