## GLASER *v.* STATE OF INDIANA.

[No. 26,099.   Filed November 1, 1932.]

Harry Long, Robert H. Moore, Glenn Harris, Marguerite P. Glaser, Robert O. Graves, and Moore, Long, Chudom & Johnson, for appellant.

James M. Ogden, Attorney-General, and Merl M. Wall, Assistant Attorney-General, for the State.

MYERS, J.—In the Criminal Court of Lake County appellant and another were charged by affidavit in one count with violating §2946 Burns 1926, and upon that court's own motion the venue of the cause was changed to the Lake Circuit Court, where, while it was in vacation, he was tried before a jury and convicted. On appeal to this court the questions relied upon for a reversal of the judgment below are covered by the assignment of errors challenging the action of the trial court in overruling his motion to quash and in overruling his motion for a new trial.

The affidavit alleges that another and appellant "did then and there unlawfully, feloniously, falsely and fraudulently make, forge and counterfeit, and did then and there unlawfully, feloniously, falsely and fraudulently cause to be falsely made, forged and counterfeited a certain recognizance bond purporting to have been made and executed by Sophia Vinovich and Nick Vinovich for the appearance of one Mary Cherry on the 28th day of May, 1930, in the Lake

Criminal Court, to answer a charge of illegal voting." A copy of the bond alleged to have been forged and caused to be forged was incorporated in the affidavit.

The grounds relied on for quashing the affidavit are: Insufficient facts to constitute a public offense; failure to state the offense with sufficient certainty; and that more than one distinct offense is charged in a single count. The affidavit follows closely the language of the statute, and must be regarded as sufficient unless it must be said that it is bad for duplicity.

The statute, §2946, *supra,* provides that "whoever falsely makes or assists in making . . ., forges, . . . or causes to be falsely made, . . . forged, . . . any record or authentic matter of a public nature . . . bond, covenant, writing obligatory, . . . or any other instrument in writing, with intent to defraud any person, body politic or corporate, or utters or publishes as true any such instrument or matter, knowing the same to be false, defaced, altered, forged, counterfeited, . . . with intent to defraud any person, body politic or corporate, shall, on conviction, be imprisoned, etc."

The instrument alleged to be forged, if genuine, would create an obligation, and therefore is sufficient upon which to base a charge of forgery. *State* v. *Hazzard* (1907), 168 Ind. 163, 80 N. E. 149. To constitute a good indictment or affidavit charging forgery, the party intended to be defrauded must be alleged, and in this case the affidavit names the State of Indiana as such party.

Counsel for appellant earnestly insist that the one-count affidavit at bar charged more than one offense, and for that reason it is duplicitous. The law applicable to criminal pleading in this jurisdiction forbids the joining "of separate and distinct offenses created by separate and distinct sections of the statute and separate statutes", or offenses committed at differ-

ent times, in the same count. *Davis* v. *State* (1885), 100 Ind. 154, 159; *Joslyn* v. *State* (1891), 128 Ind. 160, 27 N. E. 492. For a well considered case involving this question, see *Fletcher* v. *State* (1874), 49 Ind. 124. But where, as here, the offense charged consists of one or more of the forbidden acts committed at the same time and included in a single section of the statute, and the punishment is the same for one or all of the offenses named, a single count charging more than one conjunctively will not be bad for duplicity. *State* v. *Schipper* (1923), 193 Ind. 595, 141 N. E. 330; *Scheerer* v. *State* (1925), 197 Ind. 155, 149 N. E. 892; *Brogan* v. *State* (1927), 199 Ind. 203, 156 N. E. 515; Bishop, New Criminal Proc., Vol. 1 (2d ed. by Underhill), §436.

The precise question, in principle, now under consideration was before this court in *Selby* v. *State* (1904), 161 Ind. 667, 672, 69 N. E. 463, and *Bruner* v. *State* (1929), 201 Ind. 33, 164 N. E. 272, and in both cases it was held that a charge of forgery and knowingly uttering a forged instrument may be pleaded in a single count when tied together conjunctively, when both offenses are charged "as constituting a single transaction and for which but a single penalty can be exacted." The pleading at bar is sufficient to withstand a motion to quash.

In support of his motion for a new trial, counsel for appellant first insists that the Lake Circuit Court was without jurisdiction to try this cause, for the reason that the Lake Criminal Court failed to find that its docket was congested. The General Assembly of this state, in 1919 (Acts 1919, p. 748), established a criminal court in Lake County, and, by virtue of the law then in force it was vested with "original exclusive jurisdiction within the county, of all crimes and misdemeanors except where jurisdiction is by law conferred on justices of the peace." Acts 1881, Sp.

Sess., ch. 34, p. 111, §4, §1685 Burns 1926. Furthermore, by statute (Acts 1929, p. 339, §1, §1686.1 Burns Supp. 1929), "the judge of such court, at any time when the business of such court becomes congested, may, upon his own motion, transfer any cause or causes filed and docketed in such criminal court to the circuit court of such county, and such cause or causes so transferred shall be redocketed and disposed of as if such cause or causes had been originally filed with such circuit court, and such circuit court shall have the same power, authority and jurisdiction over the causes so transferred to such court for trial as the criminal court of such county, and be subject to the same provisions of law." By §2 of the same act (§1686.2), "The causes so transferred may be heard, tried and determined by the circuit court at any time either during term-time or vacation."

The judge of the criminal court failed to enter of record the statutory ground—business congestion—as the reason for the transfer of this cause to the circuit court. Hence it is claimed that the Lake Circuit Court did not acquire jurisdiction of the subject-matter of this action, for the reason that, as to criminal causes, its jurisdiction is limited and may be obtained only through the methods prescribed by law, citing *McCarty* v. *State* (1861), 16 Ind. 310; *Justice* v. *State* (1861), 17 Ind. 56; *Walker* v. *State* (1864), 23 Ind. 61; and *Cobb* v. *State* (1866), 27 Ind. 133. In each of those cases the pleading —information—was held to be insufficient to show jurisdiction in the Common Pleas Court. The power of that court, under the then existing statute to hear and determine felony cases, depended upon certain pre-existing facts to be affirmatively pleaded. They were not pleaded, and the motion to quash in each of those cases was sustained. The instant question—jurisdiction of the Lake Circuit Court—does not involve the sufficiency of the present affidavit. The case at bar was commenced in

a court having original exclusive jurisdiction to try appellant for the offense with which he was charged. It may be conceded that the jurisdiction of the Lake Circuit Court in criminal actions is limited to such cases only as shall be venued to it by the Lake Criminal Court, and that the only cause for such change of venue is business congestion. Whether or not such cause existed was a question alone to be determined by the judge of the criminal court. He may act upon his own motion, and in so doing he exercises a judicial discretion, which ruling, on appeal, is supported by the presumption of correct action. Nothing to the contrary appearing, we must presume that the order of the judge of the Lake Criminal Court changing the venue of the cause, to which appellant was a party, to the Lake Circuit Court was made in compliance with the statute. Rulings of this court in determining jurisdiction of the circuit court in appeals from justices of the peace have been quite persuasive in reaching the conclusion on the instant question of jurisdiction. *Unruh* v. *State* (1866), 105 Ind. 117, 4 N. E. 453, and cases cited; *State* v. *McKee* (1886), 109 Ind. 497, 10 N. E. 405; *Morris* v. *State ex rel.* (1888), 115 Ind. 282, 285, 16 N. E. 632. The cases cited and relied on by appellant are distinguishable from the one at bar, in that the ruling in the present case is supported by the presumption of correctness, while a criminal pleading tested by a statutory motion to quash will not be aided by a presumption either as to jurisdiction of the court or of facts sufficient to state a public offense. *Katzen* v. *State* (1922), 192 Ind. 476, 137 N. E. 29; *Wabash R. R. Co.* v. *Beedle* (1910), 173 Ind. 437, 445, 90 N. E. 760.

Appellant next insists that the trial which resulted in his conviction was void. We are informed by the record that on January 27, 1931, while the Lake Circuit Court

was in vacation, this cause was called for trial, trial commenced before a jury requested by the state, and continued from day to day until January 30, 1931, when a verdict was reached finding appellant guilty. It is claimed that §2, *supra,* gave the trial court authority to try appellant during its vacation. Appellant insists that this provision of the statute alone is insufficient to give the court power to try him at that time and, furthermore, that Chap. 115, Acts 1929, is unconstitutional and void in that it contravenes Art. 4, §§19, 22 and 23, of the Constitution of Indiana.

Aside from any constitutional question, section 2, *supra,* must be considered and construed along with the statute (§1405 Burns 1926) fixing the terms of the Lake Circuit Court, and the decisions of this court which hold that courts are without power to transact any business at a session not fixed by law. Assuming that the legislature, when this section was passed, had in mind the things we have suggested, still the question remains: Is the language of section 2 sufficient to obviate compliance with other statutory provisions long essential to give trial courts, as here, jurisdiction to act in vacation? In *Cain et al.* v. *Goda* (1882), 84 Ind. 209, it was said: "Courts must be held at the times designated by law, and business can only be lawfully transacted at a term held in accordance with the provisions of the statute upon the subject". The legislature of this state has made provision for the holding of special terms, adjourned terms, and continuing terms of courts. §§1400, 1812, 1813 Burns 1926. We take judicial notice of the regular terms of circuit courts of this state, but not so as to adjourned and special sessions, which may be held only on compliance with the provisions of the statute authorizing the same. If an adjourned term or special session is relied on, the record on appeal should disclose its authority to act. For aught in the instant

case here shown, there were no steps taken looking to the reorganization of the Lake Circuit Court on January 27th in compliance with any statutory provision. The November term of the Lake Circuit Court terminated on January 24, 1931. Thereafter, until the first Monday in February following, the court was in vacation. As said in *Batten* v. *State*, 80 Ind. 394, 398: "A judge has no power to fix terms of court; this must be done by statute. Attorneys and litigants have a right to know at what time a regular term of court begins. They are not bound to abide by the discretion of the judge in selecting which of two uncertain dates he may choose." The rule thus stated, applicable to regular terms of court, applies equally to adjourned or special terms, for without statutory authorization and compliance therewith, there can be no legal vacation session of a circuit court or any other court having statutory fixed terms. Not only the litigants and officers, but the public as well, are entitled to the opportunity of advanced knowledge of the intention to hold any regular, adjourned, or special sessions of circuit courts. Otherwise, confusion, doubt, and uncertainty would be the result of permitting the judge to disregard the statute in either instance.

As we read §2, *supra*, it merely sanctioned the trial of criminal cases venued to the circuit court during the vacation of that court. No particular vacation is specified. That question, the time of trial, whether "during term-time or vacation," is left to the court. It will not do to say, in view of the various statutory provisions to which we have referred, that the legislature intended by §2 to permit the judge of such circuit court to act upon his own volition and to try the cases thus referred to the *court* without the formalities essential to a legally constituted court.

Upon a careful consideration of the record before us, we conclude that no harm will result from a rule requir-

ing sessions of court to be held strictly in compliance with the statutory provisions from which such authority is derived. The record in this case affirmatively shows that no steps were taken to legally organize a vacation session of the court at which time appellant was tried. This being true, the proceedings then had were void and the court was without power to render a valid judgment thereon. In view of this conclusion, it will be unnecessary for us to consider at this time the constitutional question.

Newly discovered evidence is another cause assigned by appellant for a new trial, but since the judgment must be reversed on other grounds, no purpose will be subserved by a discussion of this specification.

Judgment reversed. Trial court ordered to sustain appellant's motion for a new trial.