# New York Marine Court.

### Trial Term—December, 1877.

## CROWLEY against CONNER, Sheriff.

The authority of a deputy sheriff to act can only be proved by the production of his appointment from the files of the county clerk.

In an action brought by one Crowley against the sheriff, Wm. C. Conner, to recover treble damages under the statute for exacting illegal fees, it appeared that the charges were paid to one assuming to act as deputy sheriff. Judge McAdam (following Curtis v. Fay, 37 Barb. 64), held that the authority of the deputy to act as the agent of the sheriff, and to bind him by his acts, can only be proved by the production of his original appointment as deputy by the sheriff, under his hand and seal, which the statute requires to be filed with the county clerk (see also Pond v. Seaman, 45 Barb. 152, 155).

That it cannot be proved by a certified copy of such appointment, nor by evidence that the deputy acted as

such. That the theory of the sheriff's liability rests in the doctrine of principal and agent.

The plaintiff was allowed, on terms, to withdraw a juror, and the case went over the term to enable the plaintiff to procure the statutory proof.

This ruling is upon the ground that the statute requires that "every appointment of an under-sheriff or a deputy sheriff shall be in writing, under the hand and seal of the sheriff, and shall be filed and recorded in the office of the clerk of the county (1 R. S. 379, § 74, 4 ed. 697, § 131; 1 Id. 6 ed. 906, § 234). The original appointment must be produced from the files, because there is no statute making a certified copy thereof evidence (37 Barb. 67).