(25 Misc. Rep. 686.)

### MEYER v. SUBURBAN HOME CO.

(Supreme Court, Appellate Term. January 23, 1899.)

1. APPEAL—REVIEW—MOTION FOR DISMISSAL OR DIRECTION OF VERDICT.
    Defendant's failure, at the close of the case, to move for dismissal or direction of a verdict in his favor, precludes a review of the evidence.

2. SAME—MOTION FOR NEW TRIAL—EXCEPTION.
    No exception will lie to the ruling on a motion for a new trial, since it is not a proceeding in the course of the trial.

3. GENERAL TERM—MOTION FOR NEW TRIAL.
    The determination of a general term, after verdict, on a motion for a new trial, is conclusive on the appellate term.

4. SAME—INSTRUCTIONS—PRESUMPTION.
    Where there are no exceptions to the charge, and it does not appear in the record, it will be presumed correct.

5. IMPEACHING EVIDENCE—COMPETENCY.
    On impeachment of the reputation of a party for veracity, proof of his declarations that he had collected money, and not accounted for it, is incompetent.

6. PROOF OF GENERAL CHARACTER—ADMISSIBILITY.
    In an action to recover for service performed under a contract, the general character of either party cannot be shown.

7. **PARTIES—CROSS-EXAMINATION AS TO MISCONDUCT.**
    On the cross-examination of a party, he may be questioned respecting acts of misconduct tending to affect his character, subject to the discretionary control of the court.
8. **SAME.**
    The answers of a party, cross-examined as to acts of misconduct, are binding on the cross-examiner.
9. **IMPEACHING WITNESS—QUALIFICATIONS.**
    A witness, called to impeach another's reputation for truth and veracity, cannot testify from information derived from one who resided in the place where the other lived, and similar information from another residing elsewhere; but his knowledge must be derived from associations with the people in the community in which the witness resides.

Appeal from city court of New York, general term.

Action by Adam Meyer against the Surburban Home Company. From a judgment of the general term of the city court of New York (54 N. Y. Supp. 568), affirming a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Horace Graves, for appellant.

Michael J. Kelly, for respondent.

BEEKMAN, P. J.    This action was brought by the plaintiff to recover for services performed under an alleged contract with the defendant, by which he was constituted an agent of the latter for the purpose of selling certain real estate and collecting payments made upon such sales by the purchasers. The answer was a general denial, and the principal question which was litigated was the existence of the contract of employment alleged in the complaint. The case was tried with a jury, and a verdict was rendered in favor of the plaintiff. From the judgment entered thereon an appeal was taken to the general term of the city court, which affirmed the judgment, and the case is now before us for review upon an appeal taken to this court.

The defendant asks us to review the facts. We are, however, without the faculty to do so. While it is true that, at the close of the plaintiff's case, a motion was made to dismiss the complaint, which was denied, and the denial excepted to, still no motion was made, at the close of the entire case, either to dismiss or to direct a verdict in favor of the defendant. The rule is too well settled to admit of any further discussion that, under such circumstances, we are powerless to pass either upon the weight of the evidence or upon the question as to whether there was any evidence to support the verdict. Pollock v. Iron Works Co., 157 N. Y. ——, 51 N. E. 979. In that case the court says:

"The legal effect of the omission of the defendant, at the close of the testimony, to move either for a dismissal of the complaint or the direction of a verdict in its favor, was to consent to the submission of the case to the jury. We are, therefore, prevented from considering whether the defendant was entitled to a judgment."

It appears that, after the verdict had been rendered, the defendant made a motion for a new trial on the judge's minutes, which

motion was denied. No order, however, was entered upon this decision, but the defendant's counsel seems to have contented himself with simply taking an exception thereto. An exception, however, will not lie to such a ruling. The motion is not a proceeding in the course of the trial, but from the very nature of the case must be made after the trial has ended; and it is only to the rulings of the court made in the course of the trial that exceptions may be taken. But, even if there had been an order entered upon the decision, the plaintiff could have obtained no relief here by reason of that fact, as no appeal will lie to this court from such an order, the determination of the general term being in such a case conclusive.

We are, therefore, confined simply to a consideration of the exceptions which have been taken to the rulings of the trial court upon questions of evidence. There are no exceptions to the judge's charge. Indeed, the charge is not printed in the record; and we must, therefore, presume that the case was correctly submitted to the jury by the trial justice.

The defendant, in the course of the trial, called a witness for the purpose of impeaching the character, as well as the reputation for truth and veracity, of the plaintiff; and through him an attempt was made to prove declarations by the plaintiff that he had collected certain moneys and had not accounted for them. An objection was made to the evidence, which was sustained after the court had asked counsel for the defendant what it had to do with the case, and the latter had stated that the proposed evidence reflected on the plaintiff's character. It has, however, been repeatedly held that bad character cannot be established by proof of isolated instances of misconduct. Root v. King, 7 Cow. 613, 635. Indeed, the question of the general character of a party is allowable only in a few cases, where character is a part of the issue. It is enough to say that this case does not come within the exception. It must be remembered that the inquiry in question was not made of the plaintiff on his cross-examination. The rule there is quite different, it being permissible to interrogate the party with respect to acts of misconduct tending to affect his character, and therefore his credibility. Even in such cases the scope of the inquiry is to a very large extent subject to a discretionary control by the trial court (People v. Casey, 72 N. Y. 393; People v. Irving, 95 N. Y. 541); and, as the matter is a purely collateral one, the answer of the witness is binding upon the cross-examiner. Indeed, in this case the plaintiff was cross-examined with respect to the matter in question, and denied the charge. We think that the ruling of the court was proper, and free from exception.

As has been already stated, an effort was also made, through the same witness, to prove that the reputation of the plaintiff for truth and veracity was bad. He was asked whether he knew Meyers' reputation for truth and veracity, to which he replied that he did. He was further asked whether he had talked with any person about it, to which he responded in the affirmative, and mentioned one such person, who resided in the city of Brooklyn, whom he had seen the night before, and one other person, with whom he had spoken about

two years ago on the subject, who lived at that time in Hoboken. It appears, from the testimony, that the plaintiff was a resident of the latter place. Upon this the following questions were asked by counsel for the defendant:

"Q. What did these people say of Meyer's reputation for truth and veracity?" "Q. What did they say about his truthfulness?" "Q. From what these people say, what do you say his reputation is for truth and veracity?" "Q. From what these people say, would you believe Meyer under oath?"

Each of these questions was duly objected to by the plaintiff's counsel, the objection was sustained, and an exception taken. We think that the ruling of the court was right. The proof that was offered was not competent for the purpose of establishing a general reputation for truth and veracity in the community where the plaintiff was known. All that the witness apparently could testify to was that he had derived some information upon the subject from but one person who resided in the place where the plaintiff lived, and similar information from another person, who resided elsewhere, and who, so far as it appears, had no knowledge or information whatsoever upon the subject. Furthermore, whatever might have been the capacity of the two persons referred to to speak to the question, it is perfectly plain that they should have been subpœnaed and examined. It was obvious that the witness who was examined on the trial had no knowledge, derived by himself from association with the people in the community in which the plaintiff resided, as to what the plaintiff's reputation was, and the questions that were put to him amounted, at best, simply to an inquiry as to what the knowledge or information of two persons, whose names were mentioned by him, was upon the subject. This was plainly incompetent.

A similar question seems to have been considered in the case of Curtis v. Fay, 37 Barb. 64, 69. In that case the court says (page 69):

"The witness Pritchard was not qualified to testify in relation to Jones' character or reputation. He did not know himself anything about Jones' reputation. All he could testify on the subject of his reputation was what some persons at Geneva, whom he did not know, told him it was. An impeaching or sustaining witness is not to speak of the reputation unless he knows it, and such knowledge must be founded upon an acquaintance and intercourse with the neighbors and acquaintances of the individual whose character is in question, and that intercourse must be of some length of time, —sufficient, at least, to enable him to gather the general estimation in which he is held in the community where he resides. The objection to Pritchard's evidence is that, of necessity, he could only testify what others told him of Jones' reputation, not what he knew of it himself,—which would be nothing but reputation of reputation. 1 Greenl. Ev. § 461; Douglass v. Tousey, 2 Wend. 352."

We have considered the other exceptions in the case, but are of the opinion that they do not present grounds for a reversal, and are not of such a nature as to call for any discussion. It follows that the judgment must be affirmed.

Judgment affirmed, with costs. All concur.