### OSBORNE v. SELIGMAN.

(Supreme Court, Appellate Term. January, 1903.)

1. WITNESSES—CHARACTER—CROSS-EXAMINATION OF PLAINTIFF.

In an action for assault it is error to exclude the cross-examination of plaintiff, tending to show her a lewd and abandoned woman, devoid of moral sense, the purpose being to impugn her credibility.

Appeal from City Court of New York, Trial Term.

Action by Annette M. Osborne against Washington Seligman. From a judgment for plaintiff, entered on a verdict, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GREENBAUM and CLARKE, JJ.

Seligman & Seligman (Eugene Seligman, of counsel), for appellant.

Epstein Bros. (Jesse S. Epstein, of counsel), for respondent.

GREENBAUM, J. The sum of $2,000 damages was awarded to the plaintiff in this action for an alleged assault and battery. The only witnesses to the occurrence out of which this action arises were the plaintiff and the defendant, who flatly contradicted each other. The plaintiff testified that the defendant struck her, and the defendant unequivocally denied this, and asserted that he never in his life laid hands upon the plaintiff. Upon cross-examination of the plaintiff, the defendant's counsel sought to impeach her character by asking questions which tended to show that she was a lewd and abandoned woman, devoid of moral sense. The learned trial judge excluded all questions touching this inquiry, and in his charge to the jury he stated: "There has been some question raised here as to the character of the plaintiff, but I excluded the testimony. The character of the plaintiff is not an issue here, any more than the character of the defendant."

It is evident that the court ruled out all the questions relating to the character of the plaintiff upon her cross-examination, when she offered herself as a witness in her own behalf in support of the charge which constituted the gravamen of her complaint, upon the ground that the character of the plaintiff was not in issue. It is undoubtedly true that the character of the plaintiff was not an issue in the case, but the proof sought to be made had a most direct and pertinent bearing upon the credibility of the plaintiff as a witness upon the vital fact in the case. It seems to be a well-settled rule that it is permissible to interrogate a party who is a witness with respect to acts of misconduct tending to impugn his credibility. People v. Casey, 72 N. Y. 393, 398; People v. Webster, 139 N. Y. 83, 34 N. E. 730; Meyer v. Suburban Home Co., 25 Misc. Rep. 688, 55 N. Y. Supp. 566. The scope of such cross-examination is largely controlled by the trial judge in the exercise of a wise discretion, but in this case the counsel for the defendant made numerous ineffectual efforts to cross-question the witness as to her past life, and, after repeated exclusions of such questions, to all of which due exceptions were taken, the court frankly said: "I will exclude that line of examination, and you may except to my ruling, and that will protect you amply on an appeal." It thus appears that no opportunity was accorded the defendant's counsel to probe into the conduct and life of the witness with respect to matters which, if proved, would tend most materially to affect her credibility. It has been repeatedly held that men and women whose lives indicate an abandonment or lack of moral principles, and show them to be lewd and debased characters, void of shame or decency, have not usually a great respect for the truth, or the sanctity of an oath. Winston v. Winston, 165 N. Y. 553, 59 N. E. 273; Shepard v. Parker, 36 N. Y. 517. The defendant was clearly entitled to break

down, if he could, upon cross-examination, the effect of plaintiff's evidence, by interrogating her respecting the matters that the attempted cross-examination indicated. The authorities cited by the respondent refer to cases where it was attempted to establish the bad character of a party by witnesses who were produced to testify to instances of misconduct on his part. The law seems to be well settled that such a practice will not be permitted, but it has no bearing upon the situation here presented. The right to the cross-examination of a witness with respect to his life, having a direct bearing upon his credibility, seems to be well recognized; and for the manifest error in excluding the questions bearing upon her past life put to the plaintiff, and without passing upon other exceptions presented, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.