## CITY OF SOUTH BEND v. TURNER, BY NEXT FRIEND.

[No. 20,348.    Filed June 28, 1904.]

APPEAL AND ERROR.—*Stating Evidence in Brief.—Supreme Court Rules.*— Where appellant in his brief states in a condensed narrative form the substance of the testimony of a witness, whose testimony the trial court refused to strike out on motion of appellant, giving lines and page of transcript where found, and also gives the motion to strike out, and the court's ruling thereon and the exception thereto, this is a sufficient compliance with rule 22, clause 5, of the Supreme Court, and presents the question sought to be raised. *pp. 195, 196.*

WITNESSES.—*Impeachment.—Striking Out Evidence.*— Where a witness is called to impeach the general reputation of another witness in the case, and on cross-examination testifies that he had heard but one person say anything against such witness, and that he knew nothing else about him, a motion to strike out such testimony should be sustained, since reputation can not be proved by what one person only says of another. *pp. 196, 197.*

From Laporte Circuit Court; *W. E. Higgins,* Special Judge.

Action by Bennie Turner, by his next friend, Jay Turner, against the city of South Bend, for damages for personal injuries. From a judgment in the sum of $10,000, rendered on a verdict, the defendant appeals. Transferred from Appellate Court under §1337u Burns 1901. *Reversed.*

*B. F. Shively, H. R. Wair, F. H. Dunnahoo, Lucius Hubbard* and *J. W. Talbott,* for appellant.

*F. J. L. Meyer* and *C. P. Drummond,* for appellee.

MONKS, J.—Appellee brought this action against appellant to recover damages for personal injuries. Final judgment was rendered against appellant. On appeal the judgment was reversed by this court in *City of South Bend v. Turner* (1901), 156 Ind. 418, 54 L. R. A. 396, 83 Am. St. 200. Afterwards the venue was changed to the court below, where, without any change in the pleadings, a trial by jury resulted in a verdict, and, over a motion for a new trial, a judgment against appellant.

The first paragraph of the amended complaint was dismissed before the first trial. The second paragraph of the amended complaint states, in substance, that the city of South Bend is a duly incorporated municipal corporation, and that the other named defendant is a duly incorporated private corporation; that on the 8th day of April, 1894, defendants were engaged in constructing a trunk sewer in Leland avenue, northward to its terminus in the St. Joseph river; that near the terminus of said sewer, and at the intersection of public streets, defendants constructed a manhole extending from the surface of the street to the bottom of the sewer, a distance of twenty-nine feet; that said manhole was negligently permitted to remain open and uncovered on said day, and for many days and weeks prior thereto, without signal or warning of any kind, and without protection to persons lawfully upon the street; that said sewer, from its mouth or terminus to the manhole, and for some distance beyond, had been partially completed, and that large piles of sand had been carelessly and negligently permitted to remain there; that such sand piles were calculated to, and did, attract children for the purposes of play; that the plaintiff, then about six and one-half years old, was engaged in play at said sand piles, and did not know of the open condition of said manhole, and, while in the exercise of due care, was, by reason of the defendant's aforesaid negligence, precipitated into said manhole, and to the bottom of said sewer, from which he suffered great pain and permanent injuries. The third paragraph is a substantial repetition of the second. The fourth paragraph is the same as the second and third, except that it charges that the manhole at the time of the accident, and for many days and weeks prior thereto, was by defendants negligently permitted to remain insecurely covered.

It is assigned for error that the court erred in overruling appellant's motion for a new trial. It is insisted by appellee that appellant has waived the decision of each of the

causes assigned for a new trial by failing to comply with the requirements of clause five of rule twenty-two of this court. The requirements of said rule in the preparation of briefs are stated in *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 437, 438, and cases cited; *Security, etc., Assn.* v. *Lee* (1903), 160 Ind. 249, 251, and cases cited; *Cleveland, etc., R. Co.* v. *Stewart* (1903), 161 Ind. 242; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), *post*, 288. After a careful examination of the briefs filed in this cause, we find that appellant has complied with said rule so far. as is necessary to present the question of the correctness of the ruling of the court in refusing to strike out and withdraw from the jury the testimony of a witness called by appellee to impeach John Burke, a witness for appellant.

During the progress of the trial John Burke was called as a witness by appellant, and testified, in substance, that he was a machinist by trade; that at the time of the accident he resided in South Bend, and was employed at Sibley & Ware's, in that city; that, when the manhole covers had been cast, he ground off the rough places so that they would fit; that, on the Sunday afternoon of the accident, he went down to the sewer to see the machine used in excavating the sewer; that the manhole was situated about one hundred fifty feet back from the river; that his attention was attracted to the manhole by seeing a gentleman, in company with three ladies, raise up the cover of the manhole, and slip it down the side against the brickwork of the manhole; that this was about half past three or four o'clock, or a little after; that the man who took off the cover left the manhole uncovered, and that the witness looked into it; that from there the witness went down by the river to the northwest, into the grove, and in an hour, or an hour and a quarter, returned by the manhole, and was informed by men standing near that a child had fallen in and was hurt. Appellee called a witness, who was the prosecuting attorney, residing in South Bend, as a char-

City of South Bend *v.* Turner.

acter witness to impeach the witness John Burke, who testified that the general reputation of said Burke for morality in the neighborhood where he lived was bad. On cross-examination said witness testified that he was not acquainted with the witness Burke; that all he knew of his reputation was from statements made to him by one Ella D. Keen in connection with a certain lawsuit; that he never heard any other person make any charges against Burke, and that he did not know anything of Burke's reputation outside of that; and that all he learned and all he knew was what Ella D. Keen had told him. Whereupon appellant moved the court to strike from the record and withdraw from the jury all the evidence of said witness, for the reason that the witness had shown that he knew nothing of John Burke, or his general reputation, except from the statements of one person, and that his testimony was based entirely upon those statements, which motion the court overruled, and to which ruling the defendant excepted. This ruling of the court was erroneous. A person who knows nothing of a witness, except what one person thinks or says of him, is not qualified to testify as to the general reputation of such witness. *Taylor* v. *Ryan* (1884), 15 Neb. 573, 576, 577, 19 N. W. 475; *Matthewson* v. *Burr* (1877), 6 Neb. 312, 316, 317; *Sorrelle* v. *Craig* (1846), 9 Ala. 534; *Meyer* v. *Suburban Home Co.* (1899), 25 Misc. (N. Y.) 686, 55 N. Y. Supp. 566; *Wike* v. *Lightner* (1824), 11 Serg. & R. (Pa.) 198; *Commonwealth* v. *Rogers* (1883), 136 Mass. 158; *Pickens* v. *State* (1884), 61 Miss. 563; Jones, Evidence, §863; Smith, Evidence, 30; Taylor, Evidence (9th ed.), §1472; 2 Phillipps, Evidence (5th Am. ed.), 800, note 398; Rapalje, Witnesses, §199.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.