## TISDALE *v.* THE STATE.

[No. 20,731. Filed June 26, 1906.]

1. APPEAL AND ERROR.—*Supreme Court Rules.*—*Briefs.*—A failure by appellant to prepare his transcript as prescribed by rule 3 of the Supreme Court, and to prepare his brief according to rule 22, especially after objection has been made because thereof, is fatal to any questions sought to be presented by such appeal. p. 84.

2. SAME.—*Dismissal.*—*Affirmance.*—*Discretion of Court.*—Where the year within which an appeal may be taken has not expired, and appellant has failed to comply with the court rules in presenting his case on appeal, the Supreme Court may, in its discretion, dismiss the appeal instead of affirming the judgment. p. 85.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Prosecution by the State of Indiana against Finis Tisdale. From a judgment of conviction, he appeals. *Appeal dismissed.*

*Thomas Duncan,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, H. M. Dowling* and *W. C. Geake,* for the State.

Monks, J.—Appellant was convicted of the crime of rape, and final judgment rendered against him on August 26, 1905.

By his counsel he contends: (1) That the verdict of the jury is contrary to the law and the evidence. He admits the act of intercourse, but insists that the evidence did not show such resistance on the part of the prosecuting witness as the law requires to sustain a charge of rape. (2) That there was no proof that the alleged offense was committed in Gibson county, Indiana, as alleged in the indictment. For these reasons he insists that this court should "give him another trial."

The Attorney-General contends that appellant has not complied with rules three and twenty-two of this court, and is, therefore, not entitled to have said questions considered or determined on this appeal. Said rule three requires, among other things, that "where the evidence is set out by deposition or otherwise [in the record], the name of each witness and whether the examination is direct, cross, or redirect, shall be stated on the margin of each page, * * * and shall prepare an index referring to the initial page of the direct, cross and reëxamination of each witness." Said rule twenty-two requires that "the brief of appellant shall contain a short and clear statement disclosing: * * * Third. How the issues were decided and what the judgment or decree was. Fourth. The errors relied upon for a reversal. Fifth. A concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript." Appellant has wholly failed to comply with the parts of said rules above set out, or any of them, nor has he made any attempt to do so. The Attorney-General's brief, objecting to the consideration of

1.

said questions on account of appellant's failure to comply with said rules, was filed the 24th of last January, but appellant has for more than four months ignored the same and has taken no steps to comply therewith. It has been uniformly held that when a party fails to comply with the requirements of said rules, or any of them, that he waives the error if any was committed. Ewbank's Manual, §§118, 119, 182, and cases cited; Elliott, App. Proc., §440; *City of South Bend* v. *Turner* (1904), 163 Ind. 194-196, and cases cited; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 293, 294, and authorities cited; *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557, 559; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 498; *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368, 375; *Penn Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379; *Schreiber* v. *Worm* (1904), 164 Ind. 7; *Welch* v. *State, ex rel.* (1905), 164 Ind. 104, 107, 108; *Garrigue* v. *Kellar* (1905), 164 Ind. 676, 687, 69 L. R. A. 870; *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 29, 30. It follows that there are no questions presented for our determination. As the year allowed for taking an appeal from the judgment of the court below has not expired, we have concluded to dismiss this appeal instead of affirming the judgment.

Appeal dismissed.