## TURNER v. HARTMAN.

[No. 7,477. Filed January 12, 1912.]

1. APPEAL.—*Briefs.*—*Rules.*—Where a party wholly fails to comply with the rules in the preparation of his brief, he waives any error committed. p. 225.

2. APPEAL.—*Right Result.*—The judgment of the trial court will be affirmed, where a right result was reached. p. 225.

From Henry Circuit Court; *Ed Jackson*, Judge.

Action by Rebecca Hartman against Charles Turner. From a judgment for plaintiff, defendant appeals. *Affirmed*.

*Brown & Beard*, for appellant.
*Beach & Mikels*, for appellee.

IBACH, P. J.—This action was originally brought before a justice of the peace, under §8071 Burns 1908, §5225 R. S. 1881, by appellee, as landlord, to recover possession of real

Turner *v.* Hartman—49 Ind. App. 224.

estate from a tenant holding over, and was appealed by appellant to the circuit court, and thence to this court.

Appellant's brief fails in very many respects to comply with rule twenty-two of the Supreme and the Appellate Court. Though the sufficiency of the complaint is questioned, no copy of it nor of any other pleading is set out in the brief. Error is assigned in overruling a motion for a new trial, yet the motion is not set out in the brief, and although the reasons assigned for new trial depend upon the evidence, a condensed recital thereof is not set forth. There is no separate statement of propositions or points supported by authority, but such points as are made and such authorities as are cited are mingled with the argument. There are other defects which we will not mention. Appellee in her brief calls attention to the defects in appellant's brief, but does not supply the omissions. Appellant's motion for a new trial was overruled on July 17, 1909, and appellee's brief was filed on March 4, 1910, more than three months before the expiration of the year allowed for appeal, and appellant might have withdrawn his appeal as a term-time appeal, and refiled the transcript in a vacation appeal, and thus have had an opportunity to correct his brief, but this he failed entirely to do, choosing to rely upon the original brief. When a party fails to comply with the rules of this court, he is held to have waived the error, if any was committed. *Ellison* v. *Ryan* (1909), 43 Ind. App. 610; *Tisdale* v. *State* (1906), 167 Ind. 83. However, as appellant's attorneys admit inexperience, but say that they honestly tried to comply with the rules, we have read their briefs and appellee's, have considered the points attempted to be raised, and have looked into the record sufficiently to be of the opinion that a right result was reached below.

The judgment is affirmed.