Solimeto *v.* State—188 Ind. 170.

---

SOLIMETO *v.* STATE OF INDIANA.

[No. 23,411.    Filed March 25, 1919.]

1. CRIMINAL LAW.—*Appeal.*—*Briefs.*—*Sufficiency.*—Where a defendant in a criminal case sets out in his brief as error the overruling of motions to quash the affidavit, to continue the cause, and for new trial, but sets out neither a copy of the affidavit nor copies of such motions, the brief is insufficient to present error under the fifth clause of Rule 22 of the Supreme Court, which requires a concise statement of so much of the record as presents every error relied on.    p. 171.

2. CONSTITUTIONAL LAW.—*Legislative Power.*—*Encroachment on Judiciary.*—*Rules of Court.*—The Supreme Court has power to make its own rules as to briefs and as to the conduct of business before the court, and §3, Acts 1917 p. 523, in so far as it refers to rules relative to the sufficiency of briefs and the pointing out of defects therein, is void.    p. 171.

From the Monroe Circuit Court; *Robert W. Miers,* Judge.

Prosecution by the State of Indiana against Vito Solimeto. From a judgment of conviction, the defendant appeals. *Affirmed.*

*T. J. Louden,* for appellant.

*Ele Stansbury,* Attorney-General, *Q. Austin East, Elmer E. Hastings,* and *Dale F. Stansbury,* for the state.

TOWNSEND, J.—Appellant was convicted on an affidavit filed in the lower court for a violation of what is commonly known as the "Blind Tiger" Law. Errors set out in his brief are: (1) The court erred in overruling appellant's motion to quash the affidavit. (2) The court erred in overruling appellant's motion for a continuance. (3) The court erred in overruling appellant's motion for a new trial.

Appellant does not set out in his brief a copy of the affidavit, a copy of his motion to quash, a copy of his motion for a continuance, or a copy of his motion for a new trial. Section 5 of Rule 22 requires that the briefs shall set out a concise statement of so much of the record as presents every error and exception relied on. This rule of court has been effective since November 26, 1900, and it has been held in innumerable decisions of this and the Appellate Court that briefs must be so prepared that each member of the court may be able to understand the questions presented without referring to the transcript.

It may be that appellant was relying upon §3 of chapter 143, Acts 1917 p. 523. So far as this act refers to the rules of this court and what shall be deemed a sufficient brief, and when defects in such brief shall be pointed out, the same is void. This court has power to make its own rules as to briefs, and as to the conduct of business before the court. It is not a legislative function to make rules for the court, or to say what the court shall consider a suf-

ficient brief. This court will have to be the judge of how it can best expedite business, and how questions can best be presented by briefs so that each member of the court may have an opportunity, if necessary, to consider particularly each case. So far as briefing is concerned, it will be well for litigants to proceed as they have heretofore under the rules made by this court.

Appellant's brief herein presents no questions, and the judgment of the trial court is therefore affirmed.

NOTE.—Reported in 122 N. E. 578. Rules of court: construction of, 41 Am. St. 645; validity of court rule in contravention of statute, 19 Ann. Cas. 801. See under (2) 12 C. J. 827.