## McCrocklin *v.* State of Indiana.

[No. 23,606.   Filed March 31, 1920.]

1. CRIMINAL LAW.—*Appeal.*—*Briefs.*—*Sufficiency.*—The failure of the appellant to comply with the fifth clause of Rule 5 by setting out in that part of his brief devoted to the record the instructions given or refused of which he complains, or to refer to the pages and lines of the transcript where the same may be found, was not overcome by setting out in the points and authorities certain given and refused instructions, but failing to refer to any place in the transcript where his alleged objections and exceptions to the trial court's rulings thereon may be found.   p. 255.

2. CRIMINAL LAW.—*Appeal.*—*Briefs.*—*Exhibits.*—Alleged error of the court in admitting in evidence, or in rejecting as evidence, an exhibit presents no question for review where the appellant fails to set out in full or in substance such exhibit, or to refer to any place in the transcript where it may be found, and to show that any exception to the court's ruling was taken.   p. 255.

3. CRIMINAL LAW.—*Appeal.*—*Briefs.*—Alleged error of the court in overruling a motion to discharge the jury, because of misconduct of the court, presents no question where the appellant fails to set out the motion in his brief or to refer to the place in the transcript where it may be found, and fails to disclose that any exception was taken by him to the court's ruling.   p. 256.

4. CRIMINAL LAW.—*Briefs.*—*Sufficiency.*—Where the appellant's brief fails to point out in the record where alleged error of the court in the admission and rejection of evidence may be found, or to show any exception taken by him to the court's rulings thereon, no question is presented for review.   p. 256.

From Vigo Circuit Court; *George O. Dix,* Special Judge.

Prosecution by the State of Indiana against John McCrocklin.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*Whitlock & Owens* and *Miller & Kelley,* for appellant.

*Ele Stansbury,* Attorney-General, and *A. B. Cronk,* for the state.

WILLOUGHBY, J.—The appellant was convicted by a jury in the Vigo Circuit Court of violating §20, ch. 4, of the acts of 1917. Acts 1917 p. 15, §8356a Burns' Supp. 1918. From a judgment rendered on the verdict he appeals, and alleges numerous errors relied on for reversal, but the only one of such alleged errors attempted to be discussed in his brief in points and authorities is: "Error in the court in overruling appellant's motion for a new trial."

The Attorney-General, in behalf of the state, contends that appellant has failed to present any question to this court for consideration.

Appellant has wholly failed to comply with the fifth clause of Rule 22 of this court, in this, that he has not set out in that portion of his brief devoted to the record any of the instructions given or refused of which he complains, nor has he referred to the pages and lines of the transcript where they may be found. In his points and authorities he sets out certain instructions which he claims were given over his objection, and certain ones which he alleges were refused over his objection and exception, but he does not refer to any place in the transcript where said alleged exceptions may be found.

1.

Appellant also claims that the court erred in admitting in evidence a certain exhibit tendered by the state, and in excluding an exhibit tendered by appellant, but his brief does not set out either of said exhibits in full or in substance and does not refer to any place in the transcript where they or either of them may be found, and the brief does not even allege that any exceptions were taken to the rulings of the court on either of these questions.

2.

Appellant also claims that the court overruled a motion made by him to discharge the jury on account of certain alleged misconduct on the part of the court, but said motion is not set out in the brief and no place is pointed out in the record where it may be found; neither does the brief disclose that any exception was taken by appellant to the ruling of the court.

Appellant says that the court made numerous errors in the reception and rejection of evidence, but the brief does not point out the place in the record where these alleged errors may be found; neither does it show that any exception was taken to the rulings of the court on the admission and rejection of such evidence.

Appellant's brief fails to present any questions for the consideration of this court. Elliott, App. Proc. §440; Ewbank's Manual §§118, 119, 182; *Miller* v. *State* (1905), 165 Ind. 566, 76 N. E. 245; *Indiana, etc., R. Co.* v. *Ditto* (1902), 158 Ind. 669, 64 N. E. 222; *Sanders* v. *Scott* (1879), 68 Ind. 130; *Rout* v. *Woods* (1879), 67 Ind. 319; *Solimeto* v. *State* (1919), 188 Ind. 170, 122 N. E. 578; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996; *Flint, etc., Mfg. Co.* v. *Beckett* (1906), 167 Ind. 491, 12 L. R. A. (N. S.) 924, 79 N. E. 503; *Cleveland, etc., R. Co.* v. *Hayes* (1906), 167 Ind. 454, 79 N. E. 448; *Providence, etc., Ins. Co.* v. *Wolf* (1907), 168 Ind. 690, 80 N. E. 26, 120 Am. St. 395; *Chicago, etc., R. Co.* v. *Lawrence* (1907), 169 Ind. 319, 79 N. E. 363, 82 N. E. 768; *Cheek* v. *State* (1908), 171 Ind. 98, 85 N. E. 779; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 80 N. E. 538; *Siberry* v. *State* (1896), 149 Ind. 684, 39 N. E. 936, 47 N. E. 458; *Chi-*

*cago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 69 N. E. 546; *Tisdale v. State* (1906), 167 Ind. 83, 78 N. E. 324; *State* v. *Winstandley* (1898), 151 Ind. 495, 51 N. E. 1054; *Louisville, etc., R. Co.* v. *Donnegan* (1887), 111 Ind. 179, 12 N. E. 153; *Robinson* v. *State* (1916), 185 Ind. 119, 113 N. E. 306; *McQuade* v. *State* (1917), 186 Ind. 202, 115 N. E. 583; *Chicago, etc., R. Co.* v. *Ader* (1916), 184 Ind. 235, 110 N. E. 67; *McMurran* v. *Hannum* (1916), 185 Ind. 326, 113 N. E. 238.

It is the duty of appellant to point out error; this court will not search the record to reverse. Judgment affirmed.

Harvey, J., absent.