## BECK v. GUARDIAN CASUALTY AND GUARANTY COMPANY.

[No. 10,477. Filed June 25, 1920.]

1. PLEADING. — Demurrer. — Memorandum. — Waiver. — Plea in Abatement.—Objections to a plea in abatement not pointed out in the memorandum to the demurrer thereto are waived. p. 528.

2. APPEAL.—Briefs.—Exceptions.—An assignment of error in ruling on the motion for new trial will not be considered where appellant has made no showing by amended brief, after appellee's brief called attention to the omission of appellant's original brief to show that any exceptions were taken to such ruling, as the appellate court does not search the record to reverse. p. 529.

3. APPEAL.—Record.—Exhibits.—Review.—Questions on rulings on evidence concerning an exhibit not in the record cannot be considered. p. 529.

From Marion Superior Court (106,164); W. W. Thornton, Judge.

Action by Joine G. Beck against the Guardian Casualty and Guaranty Company. From a judgment for defendant, the plaintiff appeals. Affirmed.

Walker & Hollett, for appellant.
Charles E. Henderson, for appellee.

NICHOLS, J.—Action upon a policy of burglary insurance issued in the sum of $1,000 by appellee to appellant. The questions involved arise upon an answer in abatement by appellee, and the trial of the issues thereon. Omitting the formal parts, the plea in abatement is as follows: ."Comes now the defendant and for its plea says that the policy sued upon provides in clause 2, under General Agreements:

'Any claim by assured for loss under this policy shall be made in writing, and be duly subscribed and certified by the assured, and shall state the manner in which the loss occurred, the date of said loss, and a detailed inventory of the articles taken or damaged, together with the cost price of each article, as may be reasonably practicable, and the cash market value of the same at the date of loss,' etc.

"Clause 10 under said General Agreements also provides that no suit shall be brought under this policy until three months after the particulars of the loss, as required, shall have been furnished to the company. That said plaintiff did make out a detailed statement, as required by said policy and said condition herein first set out, but the same was not made out until the 2nd day of February, 1917, and was not received by said defendant until thereafter, and this suit was filed on April 6, 1917, thereafter."

Appellant's demurrer to this plea was overruled, of which ruling appellant complains, but the grounds of her complaint are not set out in the memorandum to her demurrer. She has therefore waived the objections of which she complains. §344, cl. 6, Burns 1914, Acts 1911 p. 415. This question has been so often determined that it seems unnecessary to cite authorities, but see *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 108 N. E. 525.

Appellant next complains of the court's action in over-

ruling her motion for a new trial. But it does not appear by her brief that she saved any exceptions to the court's ruling. Appellee's brief called attention to the omission, but, if exceptions were saved, appellant has failed to amend her brief to so show. We must presume that exceptions were not saved. We do not search the record to reverse a case. Appellant relies upon §3 of chapter 143, Acts 1917 p. 523, §691a *et seq.* Burns' Supp. 1918, but this act, so far as it undertakes to say what shall be a sufficient brief, and when defects shall be pointed out, has been held unconstitutional. *Solimeto* v. *State* (1919), 188 Ind. 170, 122 N. E. 578.

Even if the motion for new trial were properly before this court, appellant would not be helped. The one substantial question therein presented is the ruling of the court in excluding her exhibit 4, and certain evidence pertaining thereto. The exhibit is not in the record, appellant saying that the exhibit "having been excluded is of course not in the transcript." As it is not in the transcript, we cannot consider any ruling or evidence concerning it. *Rucker* v. *Steelman* (1884), 97 Ind. 222; *Musser* v. *State* (1901), 157 Ind. 423, 61 N. E. 1; Ewbank's Manual §§208, 208a.

Judgment affirmed.