6.

---

### BOOTH *v*. WOODS ET AL.

[No. 10,438.   Filed November 5, 1920.]

1. APPEAL.—*Briefs.*—*Recital of Evidence.*—*Sufficiency.*—The recital of evidence in appellant's brief, which is required by Rule 22, cl. 5, of the Appellate Court to contain a condensed recital of the evidence so as to present its substance clearly and concisely where its insufficiency is relied on for reversal, is insufficient to show reversible error in the trial court's holding that appellant's judgment was inferior to a lien of a decree for alimony, where such recital did not show when the decree for alimony was rendered, and contained only a bare statement showing merely the date of appellant's judgment, and not where or in what court it was rendered. p. 67.

2. CONSTITUTIONAL LAW.—*Legislative Powers.*—*Encroachment on Judiciary.*—*Rules of Court.*—Section 6916 Burns' Supp. 1918, Acts 1917 p. 523, in so far as it undertakes to say what shall be a sufficient brief, and when defects therein shall be pointed out by appellee, is unconstitutional. p. 68.

From Hamilton Circuit Court; *Ernest M. Cloe,* Judge.

Action by Anna B. Woods against Aaron D. Booth and others. From the judgment rendered the defendant named appeals. *Affirmed.*

*Neal & Neal,* for appellant.
*Shirts & Fertig,* for appellee.

MCMAHAN, C. J.—Anna B. Woods and Ernest Hollenbach were the owners as joint tenants of certain real estate. The Wainwright Trust Company held a mortgage on the interest of Ernest Hollenbach. Mrs. Woods filed her complaint for partition, making Ernest Hollenbach, Elizabeth Hollenbach, his wife, and the Wainwright Trust Company defendants. Elizabeth Hollenbach, having obtained a divorce and decree for alimony pending the partition proceedings, filed an answer setting out the facts, and asked that her interest be protected and the lien of her decree be transferred to the proceeds arising from the sale after a decree in partition ordering the real estate sold. Appellant was made a defendant by supplemental complaint, alleging that since the commencement of the partition proceedings he had obtained a judgment against Ernest Hollenbach. He filed an answer alleging that, pending the action for partition and appellee Elizabeth Hollenbach's action for divorce, but prior to the rendition of decree for alimony, he had obtained a judgment against Ernest Hollenbach, and asked that his judgment be declared prior to that of Elizabeth Hollenbach and second only to that of the Wainwright Trust Company. On final hearing the court found the lien of the trust company to be a first

lien; that the proceeds arising from the sale of the interest of Ernest Hollenbach were not sufficient to pay the trust company lien and the decree of Elizabeth Hollenbach; that, after paying the lien of the trust company, the balance should be applied on the decree for alimony and that the appellant had a valid judgment, but that he had no interest in the funds.

Appellant has appealed from this order and contends that his judgment was prior in point of time to the decree for alimony and should have been ordered paid next after the mortgage lien.

Appellee Elizabeth Hollenbach calls attention to appellant's recital of the evidence and insists that appellant has failed to comply with Rule 22, clause 5,

1. which requires a condensed recital of the evidence so as to present the substance clearly and concisely where the insufficiency of the evidence is assigned as ground for reversal, and insists that from the appellant's recital of the evidence he has not shown reversible error.

After careful study of the evidence as set out, we are unable to ascertain therefrom the date when the order for partition was made, when the commissioner's report of the sale of the real estate was made, when the decree for alimony was rendered, or in what court appellant's judgment was rendered. The only reference made by the appellant in his recital of the evidence to his judgment is the bare statement that he introduced in evidence "Judgment of Aaron D. Booth vs. Ernest Hollenbach of date January 16, 1917, for $208 and cost." Appellee insists that this statement is not sufficient to show that appellant's judgment was a lien on the real estate of Ernest Hollenbach. We cannot ignore this contention of appellee. Appellant, after having had his attention called to the insufficiency of his recital of the evidence to show any error on the part of the

trial court, instead of applying to this court for leave to correct his brief in that regard, contents himself with saying that, under §3, Acts 1917 p. 523, §691a Burns' Supp. 1918, appellee's contention or objection to the statement of evidence comes too late. This act, however, in so far as it undertakes to say what shall be a sufficient brief and when defects shall be pointed out, has been held unconstitutional. *Solimeto* v. *State* (1919), 188 Ind. 170, 122 N. E. 578. As suggested by appellee, appellant's judgment might have been rendered in an action before a justice of the peace or in some county other than the one in which the real estate is located, and under such circumstances not a lien on the real estate.

This being true, and in view of the well-settled rule that this court will not search the record in order to reverse a cause, the judgment is affirmed.