BARKSDALE v. STATE OF INDIANA.

[No. 24,528.    Filed May 10, 1925.    Rehearing denied July 2, 1925.]

1. CRIMINAL LAW.—*Upon the error assigned of the insufficiency of the evidence, the brief must contain a recital of the evidence.*—Since Rule 22 of the rules of the Supreme Court requires that the brief of appellant must contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to page and line of transcript, and must contain a condensed recital of the evidence if the insufficiency of the evidence is assigned, no question is presented for review upon a failure to observe this rule.    p. 393.

2. CRIMINAL LAW.—*Instructions must be brought into the record to present any question on appeal.*—An assignment of error that the court erred in giving certain instructions of its own motion is unavailing if the instructions are not brought into the record.    p. 393.

From Harrison Circuit Court; *John M. Paris,* Special Judge.

William Barksdale was convicted of petit larceny and he appeals. *Affirmed.*

*Clyde R. Lattick,* for appellant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

WILLOUGHBY, J.—The appellant was tried by jury and found guilty of the crime of petit larceny, his punishment fixed at imprisonment in the county jail for a period of sixty days and a fine of $1. A motion for a new trial was made and overruled and judgment was entered against the appellant on the verdict, from which judgment this appeal is taken.

The appellant claims that the court erred in overruling his motion for a new trial, under which assignment of error he insists that the court erred in giving certain instructions of its own motion, and that the court erred in its ruling upon the admission of certain evidence.

The attorney-general insists that no question is presented for the decision of this court because no proper objection was made to the admission of such evidence, and says that rules of the court require that appellant's brief be so prepared that the court can determine the question presented by the assignment of error without an examination of the record and says that when admission of evidence is claimed to be erroneous the brief must show valid grounds of objection and that no question is presented on the instructions given by the court, because they have not been brought into the record.

The fifth clause of Rule 22, of this court, provides that, "a concise statement of so much of the record as fully presents every error and exception relied on referring to pages and lines of the transcript shall be set out in the brief. If the insufficiency of the evidence

to sustain the verdict or finding in fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance thereof clearly and concisely. * * * When error is predicated on the giving or refusal of instructions the statement must recite the instructions that were given. Following this statement, the brief shall contain, under a separate heading of each error relied on, separately numbered points, stated concisely, and without argument, together with the authorities relied on in support of them; * * * No alleged error or point, not contained in this statement of points, shall be raised afterward, either by reply brief, or in oral or printed argument, or on petition for rehearing."

An examination of the appellant's brief shows that it wholly fails to comply with these requirements of Rule 22. The instructions complained of are not recited in the brief and are not in the record and there is no condensed recital of evidence in narrative form in appellant's brief. Such brief fails to point out what objections were made by appellant to the questions asked and answers which he claims should not have been admitted. There is no reference in such brief to any place where the objections to the evidence offered, or rulings of the court thereon can be found in the record. So far as it appears the questions were objected to but no reason was stated for such objection. The appellant having wholly failed to comply with Rule 22 of this court, the contention of the attorney-general must be sustained. *McCrocklin* v. *State* (1920), 189 Ind. 254, and authorities there cited.

The burden is on the appellant to show reversible error by the record as all presumptions are in favor of the judgment and rulings of the trial court. *Bray* v. *Tardy* (1914), 182 Ind. 98.

In *Kaufman* v. *Alexander* (1913), 180 Ind. 670, it is

held that erors not mentioned or discussed in appellant's brief under propositions or points as required by clause 5 of Rule 22 of the Supreme Court are waived.

In *Barker* v. *State* (1918), 188 Ind. 263, it is held that rules of the Supreme Court require that the appellant's brief shall be so prepared that the questions presented can be intelligently considered by the court without resort to the record and that in presenting questions of the sufficiency of the evidence, it is the appellant's duty to point out wherein the evidence is insufficient to support the verdict and the conclusion of counsel as to facts established by the evidence is insufficient to present the question of the sufficiency of the evidence, to sustain the verdict, under Rule 22 of the Supreme Court, which requires a condensed recital of the evidence in narrative form.

In *Clokey* v. *State* (1914), 182 Ind. 589, it is held that no question is presented for review on the admission of evidence where the only objection made at the trial court was that the questions were incompetent or irrelevant.

In *Koehler* v. *State* (1919), 188 Ind. 387, it is held that where there are specific objections to the admission of evidence the implication follows that there are no others, or if others, they are waived and that a party may not make one objection in the trial court and another on appeal.

In *Dorsey* v. *State* (1913), 179 Ind. 531, it is held that the rules of the Supreme Court contemplate that the point on which appellant relies must be definitely and specifically stated in his brief, and that the brief be so prepared that each judge may intelligently consider each question presented by a consideration of the brief alone; and that no question is presented on alleged error in permitting certain questions on cross-examination where appellant's brief fails to set out the substance

396    SUPREME COURT OF INDIANA,

Washington Hotel Realty Co. *v.* Bedford Stone, etc., Co.—196 Ind. 396.

of the objectionable questions, the objections thereto, and the court's ruling thereon.

The instructions not being in the record, no question can be considered in regard to them.  *Goodman* v. *State* (1919), 188 Ind. 70.

Judgment affirmed.