## HAWKINS ET AL. v. MOTOR BANK OF DENVER, COLORADO.

[No. 12,260.   Filed January 15, 1926.]

1.  APPEAL.—*No question as to decision being sustained by the evidence or contrary to law is presented when appellant's brief does not recite the evidence.*—No question is presented on appeal as to the sufficiency of the evidence to sustain the finding or as to the finding being contrary to law where appellant has not recited the evidence in his brief.   p. 124.

2.  EVIDENCE.—*Statute relating to authenticating records of other states not applicable to original instrument.*—Section 498 Burns 1926, §471 Burns 1914, providing how public records of other states must be authenticated to be admissible in evidence is not applicable when the original instrument is offered in evidence.   p. 124.

3.  APPEAL.—*Objection to admission of evidence waived by appellant's failure to present objection made in trial court.*—Appellant waives any objection to the admission of evidence by failing to present on appeal the objection made in the trial court.   p. 124.

4.  EVIDENCE.—*Objections that mortgage executed in another state not admissible in evidence because not recorded in this state and that defendants had no notice thereof were without merit.*—Objections to the admission in evidence of a chattel mortgage executed in another state that it was not recorded in this state and that defendants had no notice thereof, *held* without merit where the mortgagor admitted the execution of the mortgage, default in payment, and the removal of the mortgaged property to this state without the consent of the plaintiff, the mortgagee.   p. 124.

From Delaware Circuit Court; *Clarence W. Dearth*, Judge.

Suit by the Motor Bank of Denver, Colorado, against

George L. Hawkins and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.* By the court in banc.

*Lindsey & Davis,* for appellants.

*Edward R. Templer* and *Clarence E. Benadum,* for appellee.

ENLOE, P. J.—The appellant George L. Hawkins was a justice of the peace, and appellant Theodore Palmer a constable of Delaware county, Indiana. One Eli Hoover, had recovered a judgment by confession, in the court of said Hawkins, against one Virgil Noble, in the sum of $200 upon which judgment an execution had been issued and appellant, Palmer, by virtue thereof, had levied upon a certain automobile and advertised the same for sale. The appellee, claiming to be the owner of said automobile, brought this action to restrain and enjoin the appellants from selling said property. The complaint, which was verified, was answered by a general denial, and the issues thus formed were submitted to the court for trial and resulted in a finding and decree against the appellant, from which decree this appeal is prosecuted. The appellants have assigned five (5) alleged errors, but only one of the errors so assigned, error in overruling appellants' motion for a new trial, is valid; the other alleged errors will not therefore be considered.

The motion for a new trial was based upon the alleged grounds: (a) That the decision of the court was not sustained by sufficient evidence; (b) that the decision of the court was contrary to law; and (c) alleged error in admitting in evidence, over objection of appellants, the chattel mortgage, executed by said Virgil Noble to appellee, at Denver, Colorado, where both of the parties thereto resided, on September 23, 1924.

As to the decision of the court not being sustained by

sufficient evidence, and as to its being contrary to law, no question is presented on this appeal.   The appellants in their brief filed herein have wholly failed to set out the evidence given in said cause, so that, from a reading of their brief, we cannot say that the court erred in the matter complained of. *Barksdale* v. *State* (1925), 196 Ind. 392, 147 N. E. 765.

The only other alleged error was the action of the court in admitting in evidence the mortgage above referred to.   This mortgage, before the same was offered in evidence, had been identified by said Virgil Noble, who testified that he had executed the said instrument at Denver, Colorado; that at the time he executed it, he resided in the city of Denver; that he borrowed $400 from the appellee herein and executed the said mortgage to secure the payment thereof; that he had made default in his payments, and that he did not obtain permission or consent of the mortgagee to remove said automobile from the State of Colorado and bring the same to the State of Indiana. The record discloses the above testimony.   The record also discloses that when said original mortgage was offered in evidence the appellants objected to the introduction thereof on the grounds of irrelevancy, incompetency, because not recorded in Indiana, and because it had not been shown that the appellants, defendants, had any notice or knowledge thereof.   On this appeal, the appellants urge that the court erred in admitting said mortgage in evidence because the same was not authenticated as required by §498 Burns 1926, §471 Burns 1914, which provides how public records of another state may be authenticated when it is desired to use such record as evidence.   The instrument offered in evidence in this case was the *original instrument*, and the above section of our statute had no application thereto.   The appellants, by failing to present their

original objection on this appeal, have waived the same. There is no merit in their present contention, and we are constrained to say that their original objection, under the proof made, was also without merit.

Affirmed.