## BRUNER *v.* STATE OF INDIANA.

[No. 24,751. Filed December 18, 1928. Rehearing denied April 16, 1929.]

*Widaman & Widaman, Henry N. Spaan* and *Whitcomb, Ewbank & Dowden,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

WILLOUGHBY, J.—The grand jury of Kosciusko County returned in the Kosciusko Circuit Court an indictment in six counts against the appellant. The appellant filed a motion to quash each count of the indictment and this motion was sustained as to the first, second and third counts and overruled as to the fourth, fifth and sixth counts. In these last-named counts, it was charged that the appellant did then and there unlawfully, feloniously, fraudulently and knowingly draw, publish, pass and deliver to the Indiana Loan and Trust Company of Warsaw, Indiana, a certain forged and counterfeit note for the payment of a sum of money. . . .

The case was tried upon the fourth, fifth and sixth counts.

The fourth count charges that the name of Henry Ford appearing on said instrument as one of the makers was false and had been forged and counterfeited. The charging part of the fifth count is the same as that in the fourth, except that the name of Mary Ford is used instead of Henry Ford as the person whose name was forged. The sixth count is the same as in the fourth and fifth counts, except that the names of both Henry and Mary Ford are mentioned as the persons whose names were forged.

The appellant pleaded not guilty to the fourth, fifth and sixth counts. A trial by jury resulted in a verdict against the appellant as follows: "We, the jury, find the defendant guilty of forgery as charged in the indictment."

Appellant's brief alleges as errors relied upon for reversal: (1) The court erred in overruling appellant's

fifth reason in his motion for a new trial, that the verdict of the jury is not sustained by sufficient evidence; (2) the court erred in sustaining a demurrer to the petition of appellant for a writ in the nature of *coram nobis;* (3) the court erred in pronouncing judgment on the verdict which found the defendant guilty of forgery when he was not tried for forgery, but for knowingly uttering a forged instrument.

It is evident that the indictment is based upon §2946 Burns 1926. It has been held that an indictment under this statute may charge the forging and uttering and publishing of a forged instrument without being bad for duplicity. *State* v. *Fidler* (1897), 148 Ind. 221, 47 N. E. 464; *Selby* v. *State* (1904), 161 Ind. 667, 69 N. E. 463.

No motion for a *venire de novo* was made and no exception appears by appellant's brief to have been taken to the ruling of the court on the motion for a new trial.

The appellant's brief does not show that any exception was taken by appellant to any of the rulings of the court set forth in appellant's assignment of errors and therefore there is no question on said rulings presented by said brief. In appellant's brief he sets out what purports to be his "Points and Authorities." These are not separately numbered and are not under a separate heading of each error relied on, as required by the rules of this court. See Rule 22 of Supreme Court rules.

In the statement of the record, said rule is again violated in that, in appellant's brief in which he attempts to present the errors relied on, appellant wholly fails to refer to the pages and lines of the transcript where such parts of the record as he attempts to present are found. In his condensed recital of the evidence, comprising 17 pages of his brief, and purporting to cover some 109 pages of the transcript,

no reference is made to the pages or lines in the transcript where the evidence recited may be found.

The appellant's first assignment of error is the overruling of his motion for a new trial. There is no statement in the brief that an exception to this ruling was taken by the appellant. Appellant also filed what purports to be a petition for a writ of *coram nobis* and the court sustained a demurrer thereto. There is, however, no assertion in appellant's brief that any exception to this ruling was taken by appellant. These rulings of the court are therefore not presented for review. Ewbank, Manual of Practice (2d ed.) §§180,181, p. 382; *McCrocklin* v. *State* (1920), 189 Ind. 254, 126 N. E. 678; *Dorsey* v. *State* (1913), 179 Ind. 531, 100 N. E. 369; *Tisdale* v. *State* (1906), 167 Ind. 83, 78 N. E. 324; *Barksdale* v. *State* (1925), 196 Ind. 392, 147 N. E. 765; *Earle* v. *State* (1926), 197 Ind. 703, 151 N. E. 3; *Turner* v. *Hartman* (1912), 49 Ind. App. 224, 97 N. E. 19.

The appellant has wholly failed to comply with Rule 22 of this court. The burden is on the appellant to show reversible error by the record as all presumptions are in favor of the judgment and rulings of the trial court. *Barksdale* v. *State, supra; McCrocklin* v. *State, supra; Turner* v. *Hartman, supra.*

In *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 103 N. E. 481, it is held that errors not mentioned or discussed in appellant's brief under "Propositions" or "Points," as required by clause 5 of Rule 22 of the Supreme Court, are waived.

In *Dorsey* v. *State, supra,* it is held that the rules of the Supreme Court contemplate that the points on which appellant relies must be definitely and specifically stated in his brief, and that the brief be so prepared that each judge may intelligently consider each question presented by a consideration of the brief alone. See, also, *Barker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593.

In *Siberry* v. *State* (1895), 149 Ind. 684, 39 N. E. 936, it is held that the Supreme Court will not search the record to find alleged rulings of the trial court where there has been a failure on the part of appellant's counsel to cite pages and lines of the record as required by Rule 22 of the Supreme Court.

Where appellant's brief wholly fails to comply with the requirements of Rule 22 of this court in the presentation of errors relied on, error is not shown and the judgment should be affirmed. *DuBois* v. *Home Building, etc., Assn.* (1915), 183 Ind. 343, 109 N. E. 188.

As the brief of appellant presents no question for decision, there can be no occasion for an oral argument, and the petition for oral argument is denied. *Willett* v. *Larch* (1920), 189 Ind. 410, 127 N. E. 546.

Judgment affirmed.