ROBERTS *v.* STATE OF INDIANA.

[No. 26,516. Filed March 28, 1936. Rehearing denied
July 3, 1936.]

*Orph M. Hall* and *Hunter J. Von Leer,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Paul K. Shepard,* Deputy Attorney-General, for the State.

ROLL, C. J.—Appellant was prosecuted upon an affidavit in one count charging him with the crime of embezzlement of motor vehicle fuel license fees, under the provisions of chapter 68 of the Acts of the Special Session of 1932. (Acts Special Session 1932, p. 249, Secs.

47-1501, 47-1519, Burns' Ind. St. Ann. 1933, §§16024, 16043, Baldwin's 1934.) Appellant was convicted and he appeals, and assigns twelve errors for reversal. All of the assigned errors are waived by failure to properly present them by his brief, except the fifth error assigned, which relates to the action of the court in overruling his motion to quash.

The first four assigned errors relate to action taken by the court on a plea in abatement filed by appellant; but neither the plea in abatement nor the substance thereof is set out in appellant's brief, and we are unable to tell from appellant's brief what question he is attempting to present. Under such circumstances this court will deem the question waived. *Schreiber et al.* v. *Worm* (1904), 164 Ind. 7, 72 N. E. 852; *Tongret et al.* v. *Carlin et al.* (1905), 165 Ind. 489, 75 N. E. 887; *Henderson* v. *Henderson, Admx.* (1905), 165 Ind. 666, 75 N. E. 269; *Tisdale* v. *State* (1906), 167 Ind. 83, 78 N. E. 324.

The fifth assigned error calls in question the sufficiency of the affidavit.

The affidavit, omitting the formal parts, reads as follows:

"Charles C. Whitlock swears that Donn M. Roberts, late of said County, on or about the 25th day of September, 1933, and for a period of one year immediately prior thereto at said County and State aforesaid was then and there a motor vehicle fuel dealer engaged in the buying and selling of motor vehicle fuels under and by virtue of the laws of the State of Indiana, and at said time and place did then and there, and theretofore receive, collect, and have in his possession as public money the property of the State of Indiana a certain sum of money to-wit: the sum of $312.08 as motor vehicle fuel license fees public property, the property of the State of Indiana by virtue of and under the provisions of the laws of the State of Indiana. He, the said Donn M. Roberts, at said time and place then

and there having received, collected and taken into his possession said sum of $312.08 prior thereto as gasoline motor vehicle fuel license fees from the sale of said motor vehicle fuels prior thereto under the provisions of the laws of the State of Indiana, and the said Donn M. Roberts at said time in said County and State aforesaid did then and here unlawfully and feloniously neglect, fail, and refuse to pay said sum of $312.08 or any part thereof to the Auditor of the State of Indiana at the said time and place, as required by the laws of the State of Indiana, and that the said Donn M. Roberts has ever since at all times since said date failed, refused, and neglected to pay said sum of $312.08, or any part thereof to the said Auditor of the State of Indiana, all being then and there contrary to the form of the Statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

Appellant, in his brief under the fifth error relied upon for reversal, questions the sufficiency of the affidavit for the reason that it fails to charge in direct and specific language that any of the money was received and held by appellant in trust and by virtue of his trust and fiduciary capacity and that it was so held by him at the time of the alleged embezzlement.

Section 9 of ch. 159 of the Acts of 1933, p. 838 (§16043, Baldwin's 1934), which section amended §16 of ch. 68, Acts 1932, p. 249, provides:

"That section 16 of the above entitled act be amended to read as follows: Sec. 16. That the third above entitled act be amended by creating and adding thereto a supplemental section to be numbered section 19 to read as follows: Sec. 19. If any person, firm or corporation or any resident trustee of any firm or corporation, or any officer, agent, employee or representative of any person, firm or corporation, who shall receive or collect any money as motor vehicle fuel license fees under the provisions of this act, shall fail to pay the same to the auditor of state of Indiana at the time or times required by this act, he or it, as the case may be, shall be guilty of embezzlement of public money, the property of the State of Indiana, . . ."

Section 1, ch. 68, Acts 1932, p. 249, being §47-1501, Burns' Ind. St. Ann. 1933 (§16024, Baldwin's 1934), provides, among other things, that:

"... Any and all sums of money paid by the purchaser to the dealer, as motor vehicle fuel license fees, shall be and remain public money, the property of the State of Indiana, and shall be held in trust by such dealer for the sole use and benefit of the State of Indiana until paid to the auditor of state as hereinafter provided."

The affidavit specifically charges that appellant was at the time he received the fees, a dealer engaged in selling motor-vehicle fuel and received the sum of $312.08, as motor-vehicle fuel license fees from the sale of motor-vehicle fuel. By the very terms of the statute, appellant was the agent and trustee of the state when he, as a dealer, sold motor-vehicle fuel and collected the fee provided in the statute, and could receive it in no other capacity other than that of trustee. The fees collected were the property of the state and appellant was, under the statute, the trustee of the money belonging to the state. The allegations of the affidavit were sufficient under the statute to show that appellant received and held the money in a fiduciary capacity.

Section 2 of ch. 68, Acts 1932, §47-1502, Burns' Ind. St. Ann. 1933 (§16025, Baldwin's 1934), provides that the dealer in motor-vehicle fuel shall, on or before the 25th day of each calendar month, render and transmit to the auditor of state a verified statement, etc., and at the same time, pay to the auditor of state all of the money due or paid to him, as motor-vehicle fuel license fee during such preceding calendar month, etc.

Appellant says that the affidavit does not state a public offense because it does not allege that the $312.08 or any part of it was collected during the preceding month.

The fees collected by appellant belonged to the State of Indiana, and it was his duty to pay it to the auditor of state. This duty did not end on the 25th of the month but there was a continuing duty upon the part of appellant to pay the fees collected to the proper party. The affidavit was not filed until the 13th day of October, 1934. Even though all the fees alleged to have been embezzled had been collected between the 1st and the 25th of September, 1932, the affidavit would be sufficient, for it alleged that appellant, "has ever since at all times since said date failed, refused and neglected to pay said sum of $312.08, or any part thereof to said auditor of the State of Indiana, . . ."

Appellant cites in support of his position the case of *State* v. *Record* (1877), 56 Ind. 107.

An examination of that case shows that it is not an authority for appellant's contention. That case is under a statute, the wording of which is entirely different from the statute under which appellant herein is prosecuted, and the allegations of the indictment are different. The question attempted to be presented by appellant in this case was not presented nor decided in the Record case. We are of the opinion that the affidavit is not open to the objection made by appellant.

Appellant next contends that Ch. 68, Acts 1932, is unconstitutional in that it violates Article 4, Sec. 19, of the Constitution of Indiana by embracing a subject not expressed in the title. He points out that the subject expressed in the title to said act is, "Gasoline License Fee," and that the subject of the body of the act is, "Motor Vehicle Fuel Tax"; that the subject Motor Vehicle Fuel Tax is a generic term while Gasoline License Fee is a specie of the class mentioned in the body of the act, and consequently the subject of the act is broader than the title. The answer to appellant's contention is found by reading the title to the act, Ch. 68 of the 1932

Acts, and in §23 thereof, wherein the title of the act was amended, making the title of the act correspond with the body of the act.

Appellant questions for the first time the constitutionality of the Motor Vehicle Tax Law here involved, on the ground that it violates Article 4, §21 of the Indiana Constitution. This question is not presented to us in this case, but we have carefully examined the title to the act and the act itself, and find that the legislature fully and completely followed the constitutional requirements in making the amendments to said act. The title of the act to be amended is referred to by setting the same out in the title to the amendatory act; and the section as amended was set forth and published at full length. This is a full and complete compliance with Art. 4, §21.

Several other alleged errors are attempted to be presented but appellant's brief is not sufficient to present them for our consideration. Most of them relate to the sufficiency of the affidavit. We have read the affidavit and think it states a public offense. *Hollingsworth* v. *State* (1887), 111 Ind. 289, 12 N. E. 490; *Stropes* v. *State* (1889), 120 Ind. 562, 22 N. E. 773; *State* v. *Ensley* (1912), 177 Ind. 483, 97 N. E. 113.

We find no reversible error.

Judgment affirmed.