EASTON *v.* STATE OF INDIANA.

[No. 27,177.  Filed April 10, 1939.]

*Paul A. Krueger,* for appellant.

*Omer S. Jackson,* Attorney General, and *Hubert E. Dirks,* Deputy Attorney General, for the State.

TREMAIN, C. J.—The appellant was prosecuted upon a grand jury indictment charging him with murder in the first degree. In a trial the jury returned a verdict of guilty and fixed his punishment at death. Judgment was rendered upon the verdict.

From this judgment the appellant has appealed and assigned several technical errors based upon the action of the court in overruling his motion to quash the indictment, sustaining a demurrer to his answer in abatement, overruling his motion in arrest of judgment, and motion for a new trial. Clearly the appellant's brief fails to comply with rule 18 of the Rules of the Supreme and Appellate Courts, and presents no question for consideration, unless it be the sufficiency of the evidence, for the reason that appel-

lant's brief does not contain either a copy or the substance of any of the pleadings or motions. *Day* v. *State* (1934), 207 Ind. 273, 192 N. E. 433; *Roberts* v. *State* (1936), 210 Ind. 375, 200 N. E. 699; *Johnson* v. *State* (1938), 213 Ind. 659, 14 N. E. (2d) 96.

The uncontradicted testimony upon which the appellant was convicted establishes the following facts: The appellant and his brother, Clarence, on the night of June 26, 1938, were in an automobile parked on Fail Road a short distance from United States Highway 20, near Michigan City, in LaPorte County, Indiana. The deceased, Ray Dixon, an Indiana State Policeman, driving a state police car, had been called to the scene of an accident on United States Highway 20, and, upon investigation of the circumstances surrounding the accident, had arrested one Sanders and started to take him to LaPorte via the Fail Road. The state policeman was accompanied by a newspaper photographer. These three men were the only ones occupying the state police car. As Dixon drove south on the Fail Road he came upon the car in possession of the Easton brothers. Thinking the car was in difficulty, Dixon stopped the car which he was driving a short distance from where the Easton car was parked and got out for the purpose of investigating the trouble. As he started walking toward the Easton car, the appellant got out of his car with a gun in his hand and fired three shots into Dixon's body mortally wounding him, from which wounds he died the next day in a hospital in LaPorte. Two deputy sheriffs of LaPorte County, who were in another car and had been at the scene of the accident aforementioned on United States Highway 20, came upon the scene of the shooting shortly after it had occurred. The Easton brothers, at the point of a gun, commandeered the deputy sheriffs' car and compelled them to drive the appellant and his

brother over numerous highways in northwestern Indiana. The deputies were released near the Illinois-Indiana state line. The news of the shooting was broadcast and a posse of officers from both Illinois and Indiana located the Easton brothers in a farm house near Kankakee, Illinois, where the officers and the Eastons engaged in a gun battle, in which Clarence Easton was killed. The appellant was returned to LaPorte.

Aside from the foregoing uncontradicted facts, the defense in the trial of the cause was based upon the insanity of the appellant. There is some insubstantial evidence to the effect that there was some insanity in the appellant's family and that he was queer or odd in some of his conduct. Before the appellant and his brother became outlaws and highwaymen, the appellant had been in college. Some of the professors testified for the defense that the appellant manifested an odd or queer disposition at times, but stated that his class work was good. One professor said it was above the average. The trial court appointed three well-known and competent physicions to examine the appellant for the purpose of determining his sanity. After an examination the three physicians testified that he was of sound mind.

The case was submitted to the jury upon this testimony, from which the jury was warranted in finding the appellant guilty as charged. The record upon the whole discloses that the appellant was given a fair and impartial trial.

Judgment is affirmed.